CHARLES FAIST, APPELLEE, V. HERMAN DAHL, APPELLANT.

FILED APRIL 23, 1910.   No. 16,008.

1. Contracts: CONSIDERATION: ENFORCEMENT. Where one gives a good and valid consideration, and thereupon another promises to do two things, one legal and the other illegal, he shall be held to do that which is legal, unless the two are so mingled and bound together that they cannot be separated.

2. **Appeal: Verdict: Presumptions.** "Where a cause is submitted to a jury upon conflicting testimony, there being no objection to the instructions of the court, and the verdict is consistent with the line of testimony presented by one of the parties to the suit, an appellate court will presume that the jury adopted the line of testimony with which their verdict corresponds." *Cooper & Co. v. Hall*, 22 Neb. 168.

Appeal from the district court for Colfax county: Conrad Hollenbeck, Judge. *Affirmed.*

*George W. Wertz*, for appellant.

*F. W. Button*, contra.

Fawcett, J.

On November 22, 1906, plaintiff and defendant entered into a written contract as follows:

"CONTRACT.

"This agreement made and entered into this 22d day of November, 1906, by and between Herman H. Dahl, party of the first part, and Chas. Faist of North Bend, Neb., party of the second part, witnesseth: Party of the first part hereby agrees to sell and transfer to party of the second part the west hundred (100) feet of block fifteen (15) lot ten (10) located in Rogers, Colfax Co., Nebr., as platted and recorded in clerk office of Colfax Co., together with all improvements and appurtenances thereon: a certain stock of liquor, in the buildings on said premises, together with all shelvings, fixtures, etc., connected therewith, and use of liscence for balance of 1906 year under power of attorney and bond.

"Party of the second part hereby agrees to pay party of the first part in consideration of the sale above mentioned cash as follows: The sum of twenty-seven hundred eighty five ($2,785.00) dollars payable as follows: Five hundred ($500.00) dollars cash this day and date, and the balance twenty two hundred eighty five ($2,285.00) dollars on January first, 1907. Said party of the second

party further agrees to pay first party on or before the 1st day of January, 1907, in consideration of above sale, cash for all stock of liquor of said first party, on said premises in accordance with invoice made by parties hereto on Jan. 1st, 1907.

"It is further understood and agreed by the parties hereto, that first party retains all his book accounts of what ever kind, said party of the first part to transfer all running insurance, on date of possession.

"It is further agreed by the parties hereto, that first party give possession on January 1st, 1907, and all transfers be made at that time, party of the second party to make final and all payment on same date, together with power of attorney for balance of party of the first parts unexpired liscence, and surety bonds for the sum of five thousand ($5000.00) dollars from the date of possession to expiration of liscence term of first party.

"It is further understood and agreed that if said second party shall fail, without fault of first party, to keep his agreements, herein made, said second party shall forfeit the sum of payment, made this day and date, to party of the first part.

"It is further understood this sale is absolute.

"In witness whereof, parties hereto have fixed their hands, this 22d day of November, 1906. (Signed) Herman H. Dahl, Chas. Faist. Witness: P. Jacobsen."

The petition alleges substantially that at the time of signing said contract plaintiff paid the $500 cash therein stipulated for, and on January 1, 1907, offered to pay defendant the balance in cash, as per the contract, and demanded a deed to said real estate, at the same time asking defendant to remain in possession of the premises for a few days until plaintiff could take possession, which defendant agreed to do, defendant then stating that plaintiff could keep his money until he, plaintiff, was ready to take possession; that on January 4 plaintiff again offered defendant the money as per contract, and demanded a deed to said real estate, "whereupon defendant stated to

plaintiff that he would not accept said money and would not give plaintiff a deed to said real estate, and would not sell to him at all"; that plaintiff then demanded a return of the $500, which defendant refused; that plaintiff has fully performed all the conditions of the contract on his part, but that defendant has committed a breach and has wholly refused and failed to perform the conditions thereof on his part; that plaintiff has been damaged in the sum of $500, for which amount he prays judgment.

For answer defendant alleges, substantially, that the petition does not state facts sufficient to constitute a cause of action; that the contract upon which plaintiff's action is based "is not capable of enforcement, for the reason that the same is illegal, contrary to public policy, and of such a nature that no relief can be rendered thereunder, in that it includes an attempt to transfer the license and use, and the right to use a liquor license, from the party to whom the same was issued to another party, without legal process, and without the legal formalities required by law, which attempt was participated in by the plaintiff herein, and because the consideration named in said contract is indivisible, so that the legal portion thereof cannot be separated from the part which is illegal, and the whole of said contract is void and not enforceable for any purpose"; admits the execution of the contract set out in plaintiff's petition, and the receipt of the $500 thereunder, but denies each and every other allegation in plaintiff's petition contained. The reply is. a general denial. There was a verdict for plaintiff for $500, and from a judgment thereon defendant appeals.

The grounds upon which defendant insists there should be a reversal of the judgment are: (1) That the court erred in overruling his motion for new trial. (2) That the court erred in admitting in evidence the contract over objection of appellant. (3) That the pleadings will not support the judgment and verdict. (4) That the evidence will not support the judgment. Defendant's first

assignment is included in the other three. The second and third assignments will be considered together. This brings us to a consideration of the contract. If any part of the consideration is illegal and against public policy, and such illegal part is so interwoven with the part that is legal that it cannot be distinguished and separated therefrom, then, of course, it was error to admit the contract in evidence, and the petition based thereon would not support the judgment. But we do not so construe the contract. We think the contract covers two separate and distinct agreements. The first to convey the lot, together with all improvements and appurtenances thereon; the second to transfer certain articles of personal property. This, we think, is made clear by the portion of the contract which provides: "Party of the second part hereby agrees to pay party of the first part in consideration of the sale above mentioned cash as follows: The sum of twenty seven hundred eighty five ($2785.00) dollars payable as follows: five hundred ($500.00) dollars cash this day and date, and the balance twenty two hundred eighty five ($2285.00) dollars on January first 1907. Said party of the second part further agrees to pay first party on or before the 1st day of January, 1907, in consideration for above sale, cash for all stock of liquors of said first party, on said premises in accordance with invoice made by parties hereto on Jan. 1st, 1907."

Even if the agreement to transfer to plaintiff or to give him the right to use defendant's unexpired license were illegal—which question was not tried in the court below—there was nothing illegal in the contract agreeing to sell to plaintiff the lot, together with the building thereon, and the shelving, saloon furniture and fixtures. For the consideration of $2,785 defendant was to sell and transfer to plaintiff all these articles, and on January 1, 1907, was also to sell to him the stock of liquors then on hand, for their value as then invoiced, which would constitute the consideration for such sale; and we think the

only reasonable construction to be given to the contract is that any agreement to transfer or give the right to use the license in question must be held to be connected and associated with the transfer of the liquors to be sold thereunder. The contract, therefore, was divisible in two respects, viz.: The property which defendant was selling was divided into two classes, the first class being the lot, together with the building and all of the improvements and appurtenances; the second, distinctly separated from the first by a colon in the contract, being the stock of liquors, together with the shelving and fixtures connected therewith, and the use of the license for the balance of the year. Whether the consideration of $2,785 covered the first class and also the shelving and fixtures in the second class is immaterial for the reason that there was nothing illegal in attempting to sell any of those articles. It seems clear to us that the $2,785 was the agreed consideration for the property which defendant had a legal right to sell and which plaintiff had a legal right to purchase; and that the use of the license was an incident to the sale of the liquors, the consideration for the sale of which had not yet been fixed.

We therefore hold that the contract was divisible, and that the $2,785 constituted the consideration for the lot, together with its improvements and appurtenances, and was not in any manner connected with that part of the contract relating to the stock of liquors or saloon license. Indeed, this seems to be the theory upon which the case was tried and submitted to the jury in the court below. On the trial, no reference was made by either party to the license feature of the contract. Plaintiff and defendant and defendant's witness Jackebson all three testified that the offers and counter-offers of January 1 and 5 were in relation to the real estate. It is evident from this that the parties themselves considered the $2,785 as being the consideration for the real estate, and that the matters pertaining to the saloon were to be the subject of subsequent ascertainment and settlement.

By instruction numbered 4 the court told the jury: "If the jury believe from the evidence that the plaintiff on the 1st and 5th days of January, 1907, or either of said dates, offered to pay the balance of said purchase money for said lot in compliance with the terms of said contract, and was willing and offered at said times to comply therewith, and that he was prevented from so doing by defendant refusing to perform his part of said contract and make a conveyance of said premises described in said petition, then your verdict in this case should be for the plaintiff." The giving of this instruction was alleged as error in the motion for new trial, but the assignment was abandoned in this court. The district court having thus eliminated the license issue, and defendant having acquiesced therein by failing to assign error here, we must treat that question as out of the case. It follows from this that the district court did not err in admitting the contract in evidence, and that the petition is sufficient to support the judgment and verdict.

The fourth assignment, "that the evidence will not support the judgment," is not discussed in defendant's brief, and would not be availing if discussed. The record shows that the testimony of the witnesses was in sharp conflict. Plaintiff testifies that on the 1st day of January he went to defendant, and offered to pay him the balance of the purchase price and demanded a deed for the property; that he requested defendant to continue in possession for a few days until he could get ready to take possession; that defendant agreed to do so, and said that he, plaintiff, could pay the balance of the consideration when he took possession; that he again went to defendant five days later, and offered to pay the balance of the consideration and demanded a deed; that defendant then refused to make a deed and refused to consummate the deal. This is squarely contradicted by defendant, who testified in his own behalf. To some little extent defendant is corroborated by the witness Jackebson, who drew the contract, and in whose presence the transaction of January

is testified to have occurred. The veracity of these witnesses and the weight to be given their testimony were questions for the jury. The case was submitted to the jury on an instruction which is not claimed in the brief to have been erroneous. We think the trial court properly construed the contract in its instructions, and that the verdict of the jury is not only supported by the evidence, but is in the line of simple and exact justice.

The judgment of the district court is therefore

AFFIRMED.