969 P.2d 244

STATE of Idaho, Plaintiff–Respondent,

v.

Diane V. COBB, Defendant–Appellant,

State of Idaho, Plaintiff–Respondent,

v.

Tyrone Hutchings and Donald Farley,
Defendants–Appellants.

Nos. 23898, 23994.

Supreme Court of Idaho,
Boise, October 1998 Term.

Dec. 2, 1998.

Alan E. Trimming, Ada County Public Defender; Eric J. Glatte, Deputy Public Defender, Boise, for appellant. Eric J. Glatte argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

WALTERS, Justice

In these consolidated appeals, we review the constitutionality of a Boise City ordinance proscribing disorderly conduct, under which Diane Cobb, Tyrone Hutchings and Donald Farley were separately charged. The charges were dismissed by the magistrates assigned to the respective cases when the ordinance was found by the magistrates to be unconstitutional, and the State appealed the dismissal orders to the district court. In separate opinions by two district judges, the constitutionality of the ordinance was upheld, and the magistrates' decisions were reversed.

## FACTUAL AND PROCEDURAL BACKGROUND

Diane Cobb was cited with disorderly conduct under Boise City Code § 6–01–10 when she refused to allow police officers to check the condition of certain animals on her property and then fled from the officers in the face of commands to stop. Tyrone Hutchings was cited with disorderly conduct under the ordinance as a result of running from police officers who had observed Hutchings and another man engaged in a fight behind a downtown bar in Boise, and the police had called to the men to stop when they ran away. Donald Farley's charge stemmed from an incident where he pounded on the doors of an apartment building, broke a window and passed out on the porch.

The defendants challenged the disorderly conduct ordinance through pretrial motions asserting that the ordinance was unconstitu-

tionally void for vagueness on its face. In Cobb's case, the magistrate found that application of the ordinance is "a guessing game for both the citizen and the police officer," thus failing to provide fair notice of the conduct that violates the ordinance and failing to sufficiently describe the prohibited conduct to prevent arbitrary and discriminatory enforcement of the ordinance by the police. The magistrate who dismissed Hutchings' and Farley's charges concluded that "the statute under which the defendant was charged is unconstitutionally vague and overbroad on it's (sic) face." This conclusion was based on the court's prior memorandum decision in *State v. Lightbody*, Case No. M9600424, issued August 15, 1996, invalidating the ordinance in its entirety "because of the danger of arbitrary application and the absence of core meaning to be ascribed to what conduct is precluded." However, the district judges reviewing the decisions of the magistrates on appeal in the present cases both concluded, stating slightly different reasons, that the ordinance was constitutional and was not void on its face. Each district judge ordered reinstatement of the respective charge or charges pending before it on review. The defendants appealed from the district judges' decisions, and the cases were consolidated for argument and disposition in this opinion.

## STANDARD OF REVIEW

When this Court considers a claim that a statute is unconstitutional, we review the trial court's ruling *de novo* since it involves purely a question of law. *State v. Hansen*, 125 Idaho 927, 930, 877 P.2d 898, 901 (1994); *Sun Valley Co. v. City of Sun Valley*, 109 Idaho 424, 428, 708 P.2d 147, 151 (1985). There is a strong presumption of the validity of an ordinance, *City of Lewiston v. Mathewson*, 78 Idaho 347, 303 P.2d 680 (1956), and an appellate court is obligated to seek an interpretation of a statute that upholds its constitutionality. *State v. Newman*, 108 Idaho 5, 13 n. 12, 696 P.2d 856, 864 n. 12 (1985). A statute should not be held void for uncertainty if any practical interpretation can be given it. *City of Lewiston v. Mathewson*, 78 Idaho at 351, 303 P.2d at 682.

## ANALYSIS

The void for vagueness doctrine is an aspect of due process requiring that the meaning of a criminal statute be determinable. *See Schwartzmiller v. Gardner*, 752 F.2d 1341 (9th Cir.1984). Due process requires that all "be informed as to what the State commands or forbids" and that "men of common intelligence" not be forced to guess at the meaning of the criminal law. *Smith v. Goguen*, 415 U.S. 566, 574, 94 S.Ct. 1242, 1248, 39 L.Ed.2d 605 (1974). A statute is void for vagueness if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes, *see Coates v. City of Cincinnati*, 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214 (1971), or if it invites arbitrary and discriminatory enforcement. *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110, (1972). The threshold question in any vagueness challenge is whether to scrutinize the statute for intolerable vagueness on its face or whether to do so only as the statute is applied in the particular case. *See Schwartzmiller, supra.*

The Boise City ordinance reads as follows:

### 6–01–10. DISORDERLY CONDUCT

Any person who shall commit any violent, noisy, or riotous conduct, or who shall use any profane, abusive or obscene language, or in any way commit a breach of the peace, or do anything that shall be dangerous to the inhabitants of the City shall be deemed guilty of a misdemeanor.

A violation may include but not be limited to the following:

A. Accosting other persons in a public place or in any place open to the public for the purpose of begging or soliciting alms; or

B. Occupying, lodging or sleeping in any building, structure or place, whether public or private, or any automobile, truck, railroad car or other similar vehicles or equipment without the permission of the owner or person entitled to the possession or in control thereof; or

C. Loitering, prowling or wandering upon the private property of another, without

lawful business, permission or invitation of the owner or the lawful occupants thereof; or

D. Loitering or remaining in or about school grounds or buildings, without having any reason or relationship involving custody of or responsibility for a pupil or student, school authorized functions, activities or use.

E. Wilfully fleeing or attempting to elude a police officer after being lawfully ordered to stop by an identified police officer.

Any person violating this ordinance shall be guilty of a misdemeanor.

The defendants argue that the ordinance is facially unconstitutional in all of its applications, and they insist on appeal that no discussion of whether their individual conduct was proscribed by the ordinance is warranted. *See State v. Bitt,* 118 Idaho 584, 588 n. 3, 798 P.2d 43, 47 n. 3 (1990).[1] They contend that the ordinance is vague on its face because, as in *Bitt, supra,* the ordinance provides no clear guidelines to persons subject to it and to those who must enforce it in a fair and nondiscriminatory manner. They direct the Court's attention to the language, "A violation may include but not be limited to the following," which precedes the five examples of specific conduct purportedly defining disorderly conduct. They argue that using the word "may" in that clause rather than a word such as "shall" which would denote a mandatory inclusion of the five examples as criminal acts, renders the ordinance uncertain and incapable of fair and nondiscriminatory enforcement. They maintain that not only is it unclear under what circumstances the conduct specified in subsections A

through E *will* constitute a violation of the ordinance, they assert that the ordinance may also prohibit other offending conduct, which is wholly unspecified in the ordinance. Thus, they submit, the ordinance cannot constitutionally be applied and must be stricken as void because of vagueness. In response, the State urges the Court to apply a "vague as applied" analysis by determining that the conduct with which Cobb, Hutchings and Farley were charged is clearly conduct that is proscribed by the ordinance. *See United States v. Nat'l Dairy Products Corp.,* 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963).

■ A void for vagueness challenge is more favorably acknowledged and a more stringent vagueness test will be applied where a statute imposes a criminal penalty, *see Hoffman Estates v. Flipside, Hoffman Estates,* 455 U.S. 489, 497, 102 S.Ct. 1186, 1193–94, 71 L.Ed.2d 362 (1982), or if the law interferes with a substantial amount of conduct protected by the First Amendment. *Id.; Kolender v. Lawson,* 461 U.S. 352, 358, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983).[2] If the ordinance does not regulate constitutionally protected conduct, or a significant amount of such conduct, the court must then inquire whether (a) the ordinance gives notice to those who are subject to it, and (b) whether the ordinance contains guidelines and imposes sufficient discretion on those who must enforce the ordinance. *Bitt* at 588, 798 P.2d at 47. As to the latter factor, *Bitt* holds that the enactment can be found constitutional by identifying a core of circumstances to which the statute or ordinance

---

1. The appellants do not claim that the language of the ordinance fails to give fair notice of the conduct it seeks to proscribe. *See Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *State v.* Marek, 112 Idaho 860, 736 P.2d 1314 (1987); *State v. Richards,* 127 Idaho 31, 896 P.2d 357 (Ct.App.1995). Furthermore, the appellants do not attack the ordinance on the grounds that it might be unconstitutionally applied as to others, *see Broadrick v. Oklahoma,* 413 U.S. 601, 610, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830 (1973); *United States v. Raines,* 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960), or that the ordinance can only be constitutionally applied to some of the conduct described in it. *Hoffman Estates v. Flipside, Hoff-*

*man Estates,* 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982).

2. Vagueness and overbreadth traditionally have been viewed as similar doctrines and logically related because both concepts deal with statutory imprecision. *Kolender v. Lawson,* 461 U.S. at 359 n. 8, 103 S.Ct. at 1859 n. 8. The Boise City ordinance at issue which arguably restricts an individual's freedom of speech and freedom of association does not regulate a significant amount of constitutionally protected conduct and therefore satisfies overbreadth standards. Nevertheless, the ordinance may be challenged on its face as unduly vague. *See Hoffman Estates, supra,* 455 U.S. at 497, 102 S.Ct. at 1192–93.

unquestionably could be constitutionally applied. *Id.*

In order to be successful in a facial vagueness challenge, "the complainant must demonstrate that the law is impermissibly vague in all of its applications." *Hoffman Estates, supra,* 455 U.S. at 498, 102 S.Ct. at 1193. That is, it must be shown that the enactment is invalid *in toto.* *State v. Newman,* 108 Idaho 5, 12, 696 P.2d 856, 863 (1985), *citing Steffel v. Thompson,* 415 U.S. 452, 474, 94 S.Ct. 1209, 1223, 39 L.Ed.2d 505 (1974). However,

> [p]ossible infirmity for vagueness may be avoided if the statute is given a limiting judicial construction, consistent with the apparent legislative intent and comporting with constitutional limitations. *United States Civil Service Comm'n v. Letter Carriers,* 413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973); *United States v. Nat'l Dairy Products Corp.,* 372 U.S. 29, 32, 83 S.Ct. 594, 597–98, 9 L.Ed.2d 561 (1963).

*State v. Richards,* 127 Idaho 31, 38, 896 P.2d 357, 364 (Ct.App.1995).

Justice O'Connor, in her concurrence in *Brockett v. Spokane Arcades, Inc.,* 472 U.S. 491, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985), suggested that the analysis of the constitutional claims advanced by the appellees in that case necessarily required construction of the statute to assess its scope and to determine its meaning. *Id.* at 507, 105 S.Ct. at 2805. Likewise in this case, we consider it prudent and appropriate to examine the ordinance so as to discern the intent of the enacting body, as part of our analysis of the appellants' constitutional challenges.

The first paragraph of Boise City Code § 6–01–10 outlines a generalized description of conduct deemed to be disorderly by the city council; however, the council failed in that part of the enactment to provide definitions of the words or phrases: "violent, noisy, or riotous conduct," "in any way [shall] commit a breach of the peace," and "do anything that shall be dangerous to the inhabitants of the City."[3] The second paragraph contains what appear to be specific violations listed as subsections A through E, which are introduced by the words: "[a] violation may include but not be limited to the following." In analyzing the ordinance below, District Judge Schwartzman found that these examples of conduct "make the boundaries of Boise City Code § 6–1–10 more clear and ascertainable, at least to the extent that 'a core of circumstances' exists to which the ordinance reasonably could be applied."

It is the list of examples in the Boise City disorderly conduct ordinance that distinguishes it from the Pocatello ordinance which the Court in *Bitt* found to be vague, generalized and giving no guidelines for the exercise of discretion. Were this Court to review only the first paragraph of the disorderly conduct ordinance, we could hold the same to be unconstitutional and vulnerable to a facial attack, as in *Bitt.* However, we conclude that the disorderly conduct ordinance should be read to mean that each of the circumstances in subsections A through E is a violation, albeit not the only conduct proscribed perhaps by the ordinance. We conclude that, through the use of the word "may," the Boise City Council intended to provide that the specifically defined conduct would be a violation of the ordinance, but did not intend to limit violations to the examples in the five subsections. The "may" language recognizes that a police officer is vested with discretion to decide whether a violation has occurred, as is appropriate, and that the "core of circumstances" found in the five examples of conduct directs the exercise of discretion of the police. The fatal constitutional flaw in the ordinance at issue in *Bitt, supra,* is not present in the Boise City disorderly conduct ordinance which sets out guidelines for citizens seeking to conform their conduct to the ordinance and for the police to enforce the ordinance in a fair and unbiased manner.

We hold that the ordinance withstands constitutional scrutiny. The magistrate's de-

---

3. *See generally* M.S. Galinsky, Annotation, *Vagueness as Invalidating Statutes or Ordinances Dealing With Disorderly Persons or Conduct,* 12 A.L.R.3d 1448 (1967), which indicates that only a relatively few number of particular acts or similar conditions have been upheld following judicial scrutiny.

cisions determining the ordinance to be unconstitutional are reversed and the cases are remanded to the magistrate division for further proceedings.

TROUT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.