992 P.2d 775

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Richard J. LEFERINK, Defendant–Appellant,**

No. 24262.

Supreme Court of Idaho,
Boise, September 1999 Term.

Dec. 22, 1999.

Jonathan B. Hull, Conflict Kootenai County Public Defender, Coeur d'Alene, for appellant.

Hon. Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent. Alison A. Stieglitz argued.

SCHROEDER, Justice.

Richard Leferink (Leferink) appeals from an order withholding judgment after being found guilty of the crime of First Degree Arson pursuant to Idaho Code § 18–802. The district court concluded that the First Degree Arson statute is not unconstitutionally overbroad or void for vagueness.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

Leferink is the owner and operator of the R Place Restaurant (Restaurant) located in Post Falls, Kootenai County, Idaho. On April 13, 1996, at approximately 9:00 a.m., the Post Falls Police Department received a report that the Restaurant was on fire. At the time of the fire Leferink was living in the back of the Restaurant due to a recent divorce and financial troubles. There was evidence that an accelerant had been used and Leferink made incriminating statements.

Leferink was charged pursuant to Idaho Code § 18–802 [1] with Arson in the First Degree, a felony. The State alleged that Leferink "did willfully and unlawfully damage by fire a structure in which persons are normally present." Leferink moved to dismiss the charge on the grounds that Idaho Code § 18–802, is "facially unconstitutional and void for vagueness, and that it constitutes an arbitrary and unreasonable exercise of police power." The District Court denied the motion to dismiss. Following trial, a jury found Leferink guilty of First Degree Arson. The

---

1. **§ 18–802. Arson in the first degree——Burning of dwelling or other structures where persons are normally present——Penalties.——** Any person who willfully and unlawfully, by fire or explosion, damages:

(1) Any dwelling, whether occupied or not; or

(2) Any structure, whether occupied or not, in which persons are normally present, including without limitation: jails, prisons or detention centers; hospitals, nursing homes or other health care facilities; department stores, office buildings, business establishments, churches or educational institutions, or other similar structures; or

(3) Any other structure which the actor has reasonable grounds to believe is occupied by a human being; or

(4) Any real personal property, whether the property or the actor or another, with the intent to deceive or harm any insurer or any person with a legal or financial interest in the property, or obtain any financial gain for the actor or another; is guilty of arson in the first degree, and upon conviction thereof shall be sentenced to the custody of the department of correction for not more than twenty-five (25) years or fined not more than one hundred thousand dollars ($100,-000) or both.

district court entered an Order Withholding Judgment. Leferink appealed.

## II.

### STANDARD OF REVIEW

■■■ The constitutionality of statutes is a question of law. *State v. Cobb*, 132 Idaho 195, 196, 969 P.2d 244, 245 (1998); *City of Sun Valley v. Sun Valley Co.*, 128 Idaho 219, 912 P.2d 106 (1996). The party challenging a statute on constitutional grounds bears the burden of establishing that the statute is unconstitutional and "must overcome a strong presumption of validity." *Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 709, 791 P.2d 1285, 1288 (1990). A statute should not be held void for vagueness if any practical interpretation can be given it. *City of Lewiston v. Mathewson*, 78 Idaho 347, 303 P.2d 680 (1956). The standard for reviewing a statute claimed to be void for vagueness has been stated by the Court of Appeals:

> Due process requires that a statute defining a crime be sufficiently explicit so all persons may know what conduct will subject them to penalties. It is settled that this "fair warning" requirement prohibits the various states from holding an individual criminally responsible for conduct which he could not reasonably understand to be proscribed. The law must give sufficient warning that men may conduct themselves so as to avoid that which is forbidden.
>
> In determining the sufficiency of a statute, the words of the questioned statute should not be evaluated in the abstract but should be considered with reference to the particular conduct of the defendant. The principle consistently followed, in cases where a criminal statute is challenged as void for vagueness, is that "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.

*State v. Lenz*, 103 Idaho 632, 634, 651 P.2d 566, 568 (Ct.App.1982) (citations omitted).

## III.

### IDAHO CODE § 18–802 IS NOT UN-CONSTITUTIONALLY VOID FOR VAGUENESS.

The district court concluded that Idaho Code § 18–802 was not void for vagueness and was not an unreasonable exercise of the State's police power, reasoning that the statute was sufficiently definite to (1) give the people of ordinary intelligence a reasonable opportunity to know what is prohibited, and (2) avoid arbitrary and discriminatory enforcement. The district court stated:

> In Idaho, a person commits first degree arson if he or she "willfully and unlawfully" damages a dwelling or structure under certain proscribed circumstances. Idaho Code § 18–802. The word "willfully," when applied to the intent with which an act is done, implies simply a purpose of willingness to commit the act. It does not require any intent to violate the law, or to injure another, or to acquire any advantage. It is more nearly synonymous with "intentionally." Idaho Code § 18–801; *State v. Hall*, 90 Idaho 478, 413 P.2d 685 (1966). The word "unlawful" has been defined as "[t]hat which is contrary to, prohibited, or unauthorized by law. That which is not lawful. The acting contrary to, or in defiance of the law; disobeying or disregarding the law. Term is equivalent to without excuse or justification." Black's Law Dictionary 1536 (6th ed.1990).

■■■ The void for vagueness doctrine is an aspect of due process, requiring that the meaning of a criminal statute be determinable. Due process requires that all be informed as to what the State commands or forbids and that persons of common intelligence not be forced to guess at the meaning of the criminal law. *State v. Cobb*, 132 Idaho 195, 969 P.2d 244 (1998) (citing *Smith v. Goguen*, 415 U.S. 566, 574, 94 S.Ct. 1242, 1248, 39 L.Ed.2d 605, 612 (1974)). A statute is void for vagueness if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes or if it invites arbitrary and discriminatory enforcement. *Cobb*, 132 Idaho at 196, 969 P.2d

at 245 (citing *Coates v. City of Cincinnati,* 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214, 217 (1971)).

Leferink argues that the statute is facially unconstitutional in all of its applications, being broad enough to catch everyone with no core of circumstances to which it applies. *State v. Bitt,* 118 Idaho 584, 798 P.2d 43 (1990). Particularly, he maintains that use of the word "unlawfully" in the arson statute renders it too vague for application.

■ In order to be successful in a facial vagueness challenge "the complainant must demonstrate that the law is impermissibly vague in all of its applications." *Hoffman Estates v. Flipside, Hoffman Estates,* 455 U.S. 489, 497, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362, 371 (1982). It must be shown that the enactment is invalid *in toto.* *State v. Cobb,* 132 Idaho 195, 969 P.2d 244 (1998). Possible infirmity for vagueness may be avoided if the statute is given a limiting judicial construction, consistent with the apparent legislative intent and comporting with constitutional limitations. *Cobb,* 132 Idaho at 197, 969 P.2d at 246.

■ The district court did not have the benefit of *Cobb* in rendering its decision, but the rationale the district court applied is consistent with *Cobb.* The district court interpreted the arson statute to prohibit the intentional burning of certain types of structures enumerated within the statute without excuse or justification. The evidence indicates that Leferink intentionally used an accelerant for the purpose of collecting insurance proceeds. This is clearly an intentional burning without excuse or justification. A person of ordinary intelligence would know this is prohibited by the arson statute. The district court properly denied the motion to dismiss.

## IV.

### IDAHO CODE § 18–802 DOES NOT CONSTITUTE AN UNREASONABLE EXERCISE OF POLICE POWER AND IS NOT VOID FOR OVERBREADTH.

■ Leferink argued before the district court that the arson statute is an unconstitutional exercise of the police power on the basis that it includes conduct that should not be criminalized. Leferink maintains that overbreadth makes the arson statute void for vagueness.

■ There is a strong presumption that legislative enactments are constitutional. *State v. Richards,* 127 Idaho 31, 896 P.2d 357 (Ct.App.1995). Under the broad authority of the police power, the legislature may enact laws concerning the health, safety, and welfare of the people as long as the regulations are not arbitrary or unreasonable. *State v. Olsen,* 103 Idaho 278, 647 P.2d 734 (1982); *Lindstrom v. Health Panhandle District I,* 109 Idaho 956, 712 P.2d 657 (Ct.App.1985). Idaho Code § 18–802 was amended during the 1993 session. 1993 Idaho Session Laws, ch. 107, Section 1, 273–74. The legislature explained the purpose of the arson law:

> It is the finding of the Legislature that the crime of arson presents a serious threat to life and creates an extraordinary financial cost as a result of the destruction of property. This arson code categorizes the severity of penalty and punishment based upon the priority of human life as our greatest concern, thereafter followed by concern for costs resulting from the loss of property. The addition of a definition section will clarify the categories of arson not only in cases involving a charring or burning, but also, any circumstances in which there has been any damage to property as a result of fire or explosion.

*Id.* The legislature sought to deal with a problem well within its police power. Leferink maintains that the legislature acted too broadly, including conduct that should not be criminalized.

■ The overbreadth doctrine is aimed at statutes which, though designed to prohibit legitimately regulated conduct, include within their prohibitions constitutionally protected freedoms. *State v. Richards,* 127 Idaho 31, 896 P.2d 357 (Ct.App.1995) (citing *Cantwell v. Connecticut,* 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940)). Where a facial overbreadth challenge is presented, the Court's inquiry is to "determine whether the enactment reaches a substantial amount

of constitutionally protected conduct." *Hoffman Estates v. Flipside, Hoffman Estates,* 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362, 369 (1982). "If the overbreadth is 'substantial,' the law may not be enforced against anyone, including the party before the court, until it is narrowed to reach only unprotected activity, whether by legislative action or by judicial construction or partial invalidation." *Brockett v. Spokane Arcades, Inc.,* 472 U.S. 491, 503–04, 105 S.Ct. 2794, 2802, 86 L.Ed.2d 394, 406 (1985). Overbreadth, however, is not substantial if, "despite some possibly impermissible application, the 'remainder of the statute. ....covers a whole range of easily identifiable and constitutionally proscribable. ....conduct ...'" *Id.* (citing *United States Civil Service Commission v. Letter Carriers,* 413 U.S. 548, 580–81, 93 S.Ct. 2880, 2897–98, 37 L.Ed.2d 796, 817 (1973)). The test may be otherwise stated as whether the statute is unconstitutional in a substantial portion of the cases to which it applies. *Regan v. Time, Inc.,* 468 U.S. 641, 650, 104 S.Ct. 3262, 3268, 82 L.Ed.2d 487, 495 (1984). There is no showing that the arson statute at issue includes a substantial body of conduct beyond the reach of the State's police power.

## V.

### LEFERINK HAS NOT PRESERVED THE ISSUE OF THE SUFFICIENCY OF THE EVIDENCE.

The second argument presented by Leferink in his brief to the Court is in its entirety as follows:

> Idaho Code § 18–802 as currently constituted makes it arson in the first degree to willfully burn any structure where people are normally present in violation of a preexisting law. No evidence was adduced at trial below that the fire in question violated any preexisting law and thus the verdict should be reversed for lack of any substantial evidence on that element.

A reviewing court looks to the initial brief on appeal for the issues presented on appeal. *Henman v. State,* 132 Idaho 49, 966 P.2d 49 (Ct.App.1998). Idaho Appellate Rule 35 states that "[t]he argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to authorities, statutes and parts of the transcript and record relied on." I.A.R. 35(a)(6) (1996). The burden lies on the appellant to furnish an adequate record to support the issues presented on appeal. *State v. Burris,* 101 Idaho 683, 684 n. 1, 619 P.2d 1136, 1137 n. 1 (1980); *State v. Phillips,* 118 Idaho 27, 794 P.2d 297 (Ct.App.1990). When an issue presented on appeal is not supported by propositions of law, authority, or argument, it will not be considered on appeal. *Matter of Estate of Freeburn,* 101 Idaho 739, 620 P.2d 773 (1980). Leferink did not offer sufficient argument or authority regarding his second issue for this Court to reach it on appeal.

## VI.

### CONCLUSION

The district court's order withholding judgment against Leferink is affirmed.

Chief Justice TROUT and Justices SILAK, WALTERS, and KIDWELL, concur.