25 P.3d 83

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Bryon E. PRATHER, Defendant–Appellant.**

No. 25476.

Supreme Court of Idaho.
Boise, December 2000 Term.

May 15, 2001.

Wiebe & Fouser, Canyon County Public Defenders, Caldwell, for appellant.

Hon. Alan G. Lance, Attorney General, Boise, for respondent.

KIDWELL, Justice.

This case involves an appeal from the decision of a district court, interpreting the meaning of I.C. § 18–918(3). On appeal, the defendant claims that the statute is unconstitutionally vague and should be overturned, and that it improperly shifts the burden of proof. The decision of the district court is affirmed.

## I.

## FACTS AND PROCEDURAL BACKGROUND

On July 8, 1998, Bryon E. Prather was charged by criminal complaint with "Domestic Violence In The Presence Of A Child," in violation of I.C. § 18–918(3) and I.C. § 18–918(7)(b). On December 18, 1998, Prather filed a motion to dismiss the charges on the basis "[t]hat the statute herein is vague and indefinite on its face and, therefore, unconstitutional under the Idaho and U.S. Constitutions." The district court ruled that the motion was not only untimely, but also held, after reaching the merits of the motion, that the statute was not unconstitutional because it provided notice and could "be applied in a nonarbitrary fashion." A jury subsequently rendered a verdict against Prather. Prather was sentenced to five years, with two years fixed. Prather filed his notice of appeal on April 6, 1999.

## II.

## STANDARD OF REVIEW

■ When this Court reviews a claim that a statute is unconstitutional, we review the trial court's ruling *de novo* since it involves purely a question of law. *State v. Hansen*, 125 Idaho 927, 930, 877 P.2d 898, 901 (1994). "There is a strong presumption of the validity of an ordinance, and an appellate court is obligated to seek an interpretation of a statute that upholds its constitutionality." *State v. Cobb*, 132 Idaho 195, 197, 969

P.2d 244, 246 (1998) (internal citation omitted). "A statute should not be held void for uncertainty if any practical interpretation can be given it." *Id.*

## III.

## ANALYSIS

### A. The Felony Domestic Violence Statute, I.C. § 18–918(3), Is Not Unconstitutionally Vague.

■ The defendant claims that Idaho Code section 18–918(3) is facially void for vagueness because it fails to specifically define the prohibited conduct. The state contends that the statute is constitutional because, when read as a whole, it conveys to the person of common intelligence what conduct is forbidden.

■ A party arguing that a statute is unconstitutional has the "burden of showing its invalidity and must overcome a strong presumption of validity." *Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 709, 791 P.2d 1285, 1288 (1990). In reviewing the constitutionality of a statute, Idaho appellate courts are obligated to "seek an interpretation of a statute that upholds its constitutionality." *State v. Cobb*, 132 Idaho 195, 197, 969 P.2d 244, 246 (1998). When the court finds that a statute is capable of two interpretations, one which would make it constitutional and the other unconstitutional, the court should adopt that construction which upholds the validity of the act. *Cowles Pub. Co. v. Magistrate Court*, 118 Idaho 753, 759, 800 P.2d 640, 646 (1990).

In this case, the defendant challenges the constitutionality of I.C. § 18–918. At the time of the defendant's trial, this section provided:

(1) For the purpose of this section, "household member" means a person who is a spouse, former spouse, or a person who has a child in common regardless of whether they have been married or a person with whom a person is cohabitating, whether or not they have married or have held themselves out to be husband or wife.

(2) As used in this section, "traumatic injury" means a condition of the body, such as a wound or external or internal injury, whether of a minor or serious nature, caused by physical force.

(3) Any household member who willfully inflicts a traumatic injury upon any other household member is guilty of a felony.

. . .

(5) A household member who commits a battery, as defined in section 18–903, Idaho Code, against another household member which does not result in traumatic injury is guilty of a misdemeanor domestic battery.

Idaho Code section 18–903 defines battery as:

(a) Willful and unlawful use of force or violence upon the person of another; or

(b) Actual, intentional and unlawful touching or striking of another person against the will of the other;

(c) Unlawfully and intentionally causing bodily harm to an individual.

The defendant contends that this section of the Code should be held void for vagueness because it fails to adequately define "traumatic injury."

■■■ The void for vagueness doctrine is an aspect of due process which requires that the meaning of criminal statutes be determinable. *Cobb*, 132 Idaho at 197, 969 P.2d at 246. Due process requires that individuals be informed of what the law commands or forbids and that people of common intelligence not be forced to guess at the meaning of the statute. *Smith v. Goguen*, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974). Additionally, a statute is void for vagueness if it "invites arbitrary and discriminatory enforcement." *Cobb*, 132 Idaho at 197, 969 P.2d at 246. "A void for vagueness challenge is more favorably acknowledged and a more stringent vagueness test will be applied where a statute imposes a criminal penalty, or if the law interferes with a substantial amount of conduct protected by the First Amendment." *Id.* at 198, 969 P.2d at 247 (internal citations omitted). In the present appeal, there has been no argument that the statute regulates a significant amount of constitutionally protected conduct; therefore,

this Court shall proceed with the second inquiry under *State v. Bitt*, 118 Idaho 584, 588, 798 P.2d 43, 47 (1990).

■■■ Under the *Bitt* rule, if the statute does not regulate a significant amount of constitutionally protected conduct, the inquiry becomes "whether (a) the ordinance gives notice to those who are subject to it, and (b) whether the ordinance contains guidelines and imposes sufficient discretion on those who must enforce the ordinance." *Id.* If, under these guidelines, the reviewing court can identify a core of circumstances to which the statute could be unquestionably constitutionally applied, it will uphold the statute. *Id.*

The defendant claims that I.C. § 18–918 fails both of these inquiries. He argues that because the statute fails to set forth a sufficient definition of "traumatic injury," neither persons subject to the statute, nor those who must enforce it, are able to ascertain what conduct is prohibited. He points out that the only difference between a felony and a misdemeanor under the statute is that a misdemeanor does not result in a "traumatic injury." Thus, the definition of "traumatic injury" is so broad that it effectively includes *all* injuries.

■■■ This Court has held that a "[p]ossible infirmity for vagueness may be avoided if the statute is given a limiting judicial construction, consistent with the apparent legislative intent and comporting with constitutional limitations." *State v. Leferink*, 133 Idaho 780, 784, 992 P.2d 775, 779 (1999). After having carefully considered the statute, we find that there are circumstances which would allow a defendant to be convicted of the lesser crime of misdemeanor domestic battery, by showing a battery without a "traumatic injury." Therefore, the statute must be upheld as constitutional, since the "complainant must demonstrate that the law is impermissibly vague in *all* of its applications." *Cobb*, 132 Idaho at 199, 969 P.2d at 244 (emphasis added) (internal quotations omitted).

The definition of a battery includes an "Actual, intentional and unlawful touching or striking of another person against the will of

the other ...." I.C. § 18–903(b). While we refrain from enumerating our own examples, we find that there are scenarios under which a defendant could be appropriately convicted of the lesser offense of misdemeanor domestic battery. While the difference between misdemeanor and felony domestic violence are more of a degree rather than a bright line, the statute does offer enough guidance to distinguish between the two.

The State argues that the statute is constitutional because it does, at least implicitly, require the "traumatic injury" to be inflicted with criminal intent. The defendant in this appeal is urging this Court, in essence, that the crime as written will be applied as a strict liability crime. He contends that because the statute does not require the injury to be caused "unlawfully," that *any* willfully inflicted injury will be a felony.

The criminal section of the Idaho Code indicates that "[i]n every crime or public offense there must exist a union, or joint operation, of act and *intent*, or criminal negligence." I.C. § 18–114 (emphasis added). While it is undisputed that the legislature may, and has, created crimes which are prosecutable regardless of criminal intent, there is no indication that the legislature intended this to be such a crime.

 This Court considered a similar issue in *State v. Stiffler*, 117 Idaho 405, 788 P.2d 220 (1990). The issue in *Stiffler* was whether mistake of age was a defense to statutory rape. *Id.* at 406, 788 P.2d at 221. After determining that statutory rape was a general intent crime, the Court ruled that "only a general criminal intent [was necessary] to prove a violation." *Id.* at 407, 788 P.2d at 222. In reaching this conclusion, the Court quoted from *State v. Sterrett*, 35 Idaho 580, 582–83, 207 P. 1071, 1072 (1922)—a passage which is equally applicable to the present appeals. The Court noted:

> Whether a criminal intent is a necessary element of a statutory offense is a matter of construction, to be determined from the language of the statute in view of its manifest purpose and design, and where such intent is not made an ingredient of the offense, the intention with which the act is done, or the lack of any criminal intent in the premises, is immaterial.

*Sterrett*, 35 Idaho 583, 207 P. at 1072.

Therefore, we will review the purpose and language of the statute to determine what criminal intent the legislature intended. The legislative "Statement of Purpose" accompanying the statute explained that:

> The proposed amendments to Idaho Code § 18–918 change the title of the section from "Domestic Assault or Battery" to "Domestic Violence," and provide a broader definition of domestic violence [ ] to include people who cohabited with each other.

> A new section adds a felony for any person who inflicts [a] traumatic condition upon another in a domestic situation and defines "traumatic condition." The amendments also provide for a distinction between the felony and misdemeanor for both the domestic battery and domestic assault.

As expressly stated in the legislative statement of purpose, the amendments to I.C. § 18–918 were intended to "include a broader definition of domestic violence ...." To accomplish its purpose of expanding the domestic violence statute, the legislature modified the code section to define "traumatic injury" as "a condition of the body, such as a wound or external or internal injury, whether of a minor or serious nature, caused by physical force." I.C. § 18–918(2). The amendment clearly expresses the legislature's intent of creating a crime and punishment for those who willfully cause traumatic injuries to other members of the "household."

**B. The Felony Domestic Violence Statue Does Not Unconstitutionally Shift The Burden Of Proof In This Case From The Prosecution To The Defense.**

 Prather argues that the statute impermissibly shifts the burden of proof to the defense by requiring the defense to prove that the battery did not result in a "traumatic injury" in order to obtain the preferable misdemeanor conviction. This requirement, argues Prather, will always result in a felony conviction because it is nearly impossible to batter someone without causing "a wound or

internal or external injury, whether of a minor or serious nature."

 "If a jury instruction lightens the prosecution's burden of proof by creating conclusive presumptions of guilt as to an element of an offense and requires the accused to come forward with evidence to rebut that presumption, it is a violation of due process." *State v. Randles*, 117 Idaho 344, 348, 787 P.2d 1152, 1156 (1990) (*overruled on other grounds by State v. Humpherys*, 134 Idaho 657, 8 P.3d 652 (2000)). Prather argues that such is the case with I.C. § 18–918 because the defense must prove that a "traumatic injury" did not occur in order to obtain a misdemeanor conviction.

Prather's contention does not withstand close scrutiny. To prove a felonious violation of I.C. § 18–918, the prosecution must prove that a member of the household willfully inflicted a traumatic injury on another member of the household. I.C. § 18–918(3). The statute defines "traumatic injury" as "a condition of the body, such as a wound or external or internal injury, whether of a minor or serious nature, caused by physical force." I.C. § 18–918(2).

Prather contends that the standard of proof for the felony is too low because almost any battery will result in a "wound or external or internal injury, whether of a minor or serious nature." While this is an admittedly low standard, it does not shift the burden to the defense. As is the case with any battery prosecution, the defense will try to prove that the elements of the crime have not been met, or that there are mitigating circumstances which should be considered. However, the statute does not violate due process simply because the legislature chose to create a low threshold of injury. The authority of the legislature to define crimes and fix punishment will not be denied unless the classifications are unnatural, arbitrary or unreasonable. *State v. Olsen*, 103 Idaho 278, 284, 647 P.2d 734, 740 (1982). Additionally, the classifications will not be found as arbitrary or unreasonable where they are made with reference to the heinousness or the gravity of the crime. *Id.*

Since the statute here clearly establishes the prosecutor's burden of proving a "traumatic injury" for a felony conviction, we hold, therefore, that the statute does not violate due process by shifting the burden of proof to the defense. The decision of the district court is affirmed.

## IV.

## CONCLUSION

We conclude that I.C. § 18–918 is not unconstitutionally void for vagueness. The statute provides adequate notice of what behavior is prohibited and what the punishment for that behavior will be. The decision of the district court is affirmed.

Chief Justice TROUT, Justices SCHROEDER and WALTERS, and Justice Pro Tem BURDICK concur.