24 P.3d 64

**STATE of Idaho, Plaintiff–Appellant,**

v.

**John Charles DAVIS, Defendant–Respondent.**

No. 26046.

Supreme Court of Idaho.

May 15, 2001.

Hon. Alan G. Lance, Attorney General, Boise, for appellant. Karen A. Hudelson argued.

Ronaldo A. Coulter, State Appellate Public Defender, Boise, for respondent. Sara B. Thomas argued.

KIDWELL, Justice.

This case involves an appeal from the decision of the district court, interpreting the meaning of I.C. § 18–918(3). On appeal, the State claims that the statute is not unconstitutionally overbroad and thus the decision of the district court should be overturned. We agree.

## I.

### FACTS AND PROCEDURAL BACKGROUND

On August 24, 1998, John C. Davis was charged with "DOMESTIC BATTERY," in violation of I.C. § 18–918, as well as aggravated assault and exhibition of a deadly weapon. On May 21, 1999, Davis made a motion to reduce the charge of domestic battery from a felony to a misdemeanor. The district court, however, did not rule on the motion until after the conclusion of a jury trial, which found Davis guilty of felony domestic battery. On October 15, 1999, the district court entered its memorandum opinion and order on Davis's motion. The court found that because the statute was overbroad, it was necessary to set aside the jury's verdict and dismiss the case with prejudice. The state filed a timely notice of appeal on November 10, 1999.

## II.

### STANDARD OF REVIEW

 When this Court reviews a claim that a statute is unconstitutional, we review the trial court's ruling *de novo* since it involves purely a question of law. *State v. Hansen,* 125 Idaho 927, 930, 877 P.2d 898, 901 (1994). "There is a strong presumption of the validity of an ordinance, and an appellate court is obligated to seek an interpretation of a statute that upholds its constitutionality." *State v. Cobb,* 132 Idaho 195, 197, 969 P.2d 244, 246 (1998) (internal citation omitted). "A statute should not be held void for uncertainty if any practical interpretation can be given it." *Id.*

## III.

### ANALYSIS

**The Felony Domestic Violence Statute, I.C. § 18–918(3), Is Not Unconstitutionally Overbroad.**

Davis challenges the constitutionality of the statute on the basis that the definition of "traumatic injury" fails to adequately provide exceptions for household members who injure each other "willfully" but not "unlawfully," such as bruises or contusions inflicted during a family football game.

The district court agreed with Davis's argument and found that the statute was overbroad because it did not provide exceptions for such things "as mutual horseplay, administering a Heimlich maneuver or CPR, becoming overly amorous in a consensual setting, or engaging in an intra-family game of touch football." The district court then held that under this reasoning, "I.C. § 18–918, as to its felony portions, is void as unconstitutionally overbroad."

Davis does not argue that the statute is unconstitutional as applied to his case; rather he claims that the statute is facially overbroad because "it impermissibly proscribes a substantial amount of constitutionally protected conduct and is therefore incapable of any constitutional application." *State v. Richards,* 127 Idaho 31, 34, 896 P.2d 357, 360 (Ct.App.1995).

"The overbreadth doctrine is aimed at statutes which, though designed to prohibit legitimately regulated conduct, include within their prohibitions constitutionally pro-

tected freedoms." *State v.. Leferink*, 133 Idaho 780, 784, 992 P.2d 775, 779 (1999). When presented with a facial overbreadth challenge, this Court must determine whether the statute restricts a substantial amount of constitutionally protected conduct. *Id.* at 784–85, 992 P.2d at 779–80. "If the overbreadth is 'substantial,' the law may not be enforced against anyone, including the party before the court, until it is narrowed to reach only unprotected activity, whether by legislative action or by judicial construction or partial invalidation." *Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 503–04, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985). "The test may be otherwise stated as whether the statute is unconstitutional in a substantial portion of the cases to which it applies." *Leferink*, 133 Idaho at 785, 992 P.2d at 780.

Additionally, "It is a fundamental rule of constitutional law that when a statute can be applied to a person's conduct without violating any constitutional provision, he will not be heard to assert that the statute might be unconstitutional if applied to other types of behavior." *State v. Goodrick*, 102 Idaho 811, 812, 641 P.2d 998, 999 (1982). The defendant has not asserted that the injuries he caused were inflicted while engaged in a constitutionally protected activity. Therefore, we reverse the decision of the district court.

### IV.

### CONCLUSION

We hold that I.C. § 18–918 is not unconstitutionally overbroad. The statute provides adequate notice of what behavior is prohibited and what the punishment for that behavior will be. Therefore, the decision of the district court is reversed.

Chief Justice TROUT, Justices SCHROEDER and WALTERS, and Justice Pro Tem BURDICK concur.