80 P.3d 1099

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jose Alfonso MEDEL, Defendant–Appellant.**

No. 29059.

Court of Appeals of Idaho.

Oct. 14, 2003.

Review Denied Dec. 23, 2003.

■■■■■■■■

George A. Southworth, Pocatello, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Jose Alfonso Medel appeals from the district court's intermediate appellate decision reversing the magistrate's dismissal of Medel's misdemeanor public disturbance noise charge. We affirm the district court and remand to the magistrate for further proceedings.

## I.

## FACTS AND PROCEDURE

On August 19, 2001, American Falls police responded to a loud music complaint. The music was coming from a vehicle and, as officers approached, they discovered an individual in the back seat. Officers recognized the individual as Medel, whom they had previously warned about playing loud music from his vehicle earlier in the month. Officers explained to Medel that the music was too loud and issued Medel a misdemeanor citation for violating a public disturbance noise ordinance. American Falls, Idaho, Municipal Code § 6–1–54 (1998). The magistrate dismissed the charge based upon its conclusion that the ordinance was facially overbroad and vague. On intermediate appeal, the district court reversed the magistrate, holding that the ordinance was not unconstitutionally overbroad or vague. On appeal, Medel argues that the district court erred when it reversed the magistrate. Medel contends that the ordinance violates the First Amendment and the Due Process Clauses of both the Fourteenth Amendment

to the United States Constitution and Article I, Section 13 of the Idaho Constitution because it is facially overbroad and void for vagueness.[1]

## II.

## ANALYSIS

■■■ On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bowman,* 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993). When the issues presented involve the constitutionality of a statute, we review the magistrate's determination de novo. *State v. Cobb,* 132 Idaho 195, 197, 969 P.2d 244, 246 (1998). There is a strong presumption of the validity of an ordinance, and an appellate court is obligated to seek an interpretation that upholds its constitutionality. *Id.*

### A. Overbreadth

In this case, Medel was charged with violating a city noise ordinance because he allowed music to originate from his vehicle in excess of the noise restriction. American Falls Municipal Code Section 6–1–54 provides, in pertinent part:

> It is unlawful for any person to cause, or for any person in possession of property to allow to originate from the property, sound that is a public disturbance noise. The following sounds are determined to be public disturbance noises:
>
> . . . .
>
> (D) Sound from motor vehicle sound systems, such as tape players, radios, and compact disc players, operated at a volume so as to be audible greater than fifty feet (50″) from the vehicle itself.

Medel asserts that the ordinance is facially overbroad because it restricts a substantial amount of a constitutionally protected freedom—the freedom of expression.

1. Because Medel does not assert that the Idaho Constitution affords greater protection than the United States Constitution, we will not separately address the state constitutional claim. *See State*

*v. Ross,* 129 Idaho 380, 381, 924 P.2d 1224, 1225 (1996); *State v. Jordan,* 122 Idaho 771, 772 n. 2, 839 P.2d 38, 39 n. 2 (Ct.App.1992).

The overbreadth doctrine is aimed at statutes which, though designed to prohibit legitimately regulated conduct, include within their prohibitions constitutionally protected freedoms. *State v. Richards*, 127 Idaho 31, 35, 896 P.2d 357, 361 (Ct.App.1995). Where a facial overbreadth challenge is presented, the Court's inquiry is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. *State v. Leferink*, 133 Idaho 780, 784–85, 992 P.2d 775, 779–80 (1999). If the overbreadth is substantial, the law may not be enforced against anyone, including the party before the court, until it is narrowed to reach only unprotected activity, whether by legislative action or by judicial construction or partial invalidation. *Id.* at 785, 992 P.2d at 780. Overbreadth is not substantial if, despite some possibly impermissible application, the remainder of the statute covers a whole range of easily identifiable and constitutionally proscribable conduct. *Id.* The test may be otherwise stated as whether the statute is unconstitutional in a substantial portion of the cases to which it applies. *Id.; Richards*, 127 Idaho at 35, 896 P.2d at 361.

Music, as a form of expression and communication, is protected under the First Amendment. *Ward v. Rock Against Racism*, 491 U.S. 781, 790, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989). However, governmental authorities may impose reasonable restrictions on the time, place and manner of protected speech, provided that the restrictions are content neutral, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information. *Id.* at 791, 109 S.Ct. 2746.

In determining content neutrality, the question is whether the government has adopted a regulation of speech because it disagrees with the message. *Id.* A regulation that serves purposes unrelated to the content of expression is deemed neutral. *Id.* The purpose of the ordinance in this case is to control excess noise at levels that disturb other citizens' peace and repose. *See* American Falls, Idaho, Municipal Code § 6–1–54(B), (C), (F). The ordinance restricts excess sound levels regardless of the content, whether it be restful or raucous, religious or rebellious, politically correct or offensive. The ordinance is content neutral.

We conclude that the ordinance is also narrowly tailored to serve a significant governmental interest. Governments have a legitimate interest in protecting the well-being, tranquility, and peace of their citizens, as well their traditional public forums such as city streets and parks, from excess noise. *Ward*, 491 U.S. at 796, 109 S.Ct. 2746. Furthermore, although the ordinance in this case may have been drafted more narrowly—to specify the need for an actual disturbance of someone's peace or to designate certain places and times of the day to which the restrictions apply—a content neutral time, place, and manner regulation of protected speech need not be the least restrictive means of accomplishing the government's purpose. *See id.* at 797–800, 109 S.Ct. 2746. So long as the means chosen are not substantially broader than necessary to achieve the government's interest, a regulation will not be invalid simply because a court concludes that the government's interest could be adequately served by some less speech-restrictive alternative. *Id.* at 800, 109 S.Ct. 2746. Additionally, Section 6–1–54(G) of the ordinance in this case narrows the application of its restrictions by excepting regularly scheduled and city-approved events at parks, streets, parking lots, or halls—such as park concerts or street dances. We conclude that the ordinance in this case is not so substantially overbroad that the ordinance is invalid.

Finally, we conclude that the ordinance leaves open ample alternative channels to listen to sounds produced by a vehicle's sound system. The ordinance limits only the loudness of the sound, leaving ample opportunity to enjoy any sound at a lower volume. Additionally, the ordinance provides exceptions to its limitations as discussed above. Under these circumstances, we hold that the ordinance does not restrict a substantial amount of protected speech and that Medel has failed to demonstrate that the ordinance

**502**

is facially overbroad.[2]

## B. Vagueness

 Medel also challenges the ordinance as being void for vagueness on its face. Medel contends that the ordinance does not provide sufficient notice as to what conduct is prohibited and leaves too much discretion in the hands of law enforcement personnel.

 The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that a city ordinance must be definite and certain in its statement of prohibited conduct to enable a person of ordinary intelligence who reads the ordinance to understand what activity is proscribed and govern his actions accordingly. Article I, Section 13 of Idaho's Constitution also requires that city ordinances demonstrate a definiteness and certainty sufficient to permit a person to conform his or her conduct thereto. *See also State v. Bitt,* 118 Idaho 584, 586, 798 P.2d 43, 45 (1990).

 A statute is void for vagueness if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes or if it invites arbitrary and discriminatory enforcement. *Cobb,* 132 Idaho at 197, 969 P.2d at 246. A statute avoids problems with arbitrary and discriminatory enforcement by identifying a core of circumstances to which the statute or ordinance unquestionably could be constitutionally applied. *Id.* at 198–99, 969 P.2d at 247–48. To successfully assert a void for vagueness challenge, a complainant must demonstrate that the law is impermissibly vague in all its applications. *Richards,* 127 Idaho at 38, 896 P.2d at 364.

 The ordinance in question informs those subject to it that operating a vehicle's sound system so that it is audible at a distance of fifty feet is prohibited. Medel asserts that the ordinance is vague because it fails to specify what constitutes an audible noise and to whom and under what circumstances the sound should be measured. Where terms in a statute are not defined, they are given their commonly understood,

everyday meanings. *Richards,* 127 Idaho at 38, 896 P.2d at 364. Audible means capable of being heard. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 142 (1993). Thus, if an officer hears sound coming from a vehicle's sound system while the officer is at a distance of more than fifty feet, the individual using the sound system is subject to prosecution, regardless of weather and atmospheric conditions. This is the core of circumstances to which the ordinance can be constitutionally applied. We conclude that the ordinance gives fair notice as to the prohibited conduct, does not impose any subjective standard for its application, and does not invite arbitrary enforcement. Medel has failed to demonstrate that the ordinance is unconstitutionally vague on its face.

### III.

### CONCLUSION

Medel has failed to show that the public disturbance noise ordinance in question is unconstitutionally overbroad or vague on its face. We affirm the district court's intermediate appellate decision reversing the magistrate's dismissal of Medel's misdemeanor charge for violating the ordinance, and the case is remanded to the magistrate for further proceedings.

Chief Judge LANSING and Judge GUTIERREZ, CONCUR.

---

2. Our decision should not, however, be read to preclude a potential future challenge that the

ordinance is overbroad as applied to the activities of a particular individual.