91 P.3d 1139

STATE of Idaho, Plaintiff–Respondent,

v.

Raymond Lloyd MORTON,
Defendant–Appellant.

No. 29698.

Supreme Court of Idaho,
Boise, April 2004 Term.

May 21, 2004.

Frederick G. Loats, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

KIDWELL, Justice.

This is an appeal from a conviction for possession of sexually exploitative material for other than a commercial purpose in which the appellant alleges that Idaho Code § 18–1507 is unconstitutionally overbroad. The judgment of the district court is affirmed.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Raymond L. Morton (Morton) was charged by Complaint filed on November 4, 2002, with the crime of Possession Of Sexually Exploitative Material For Other Than A Commercial Purpose under I.C. §§ 18–1507 & 18–1507A.

On January 6, 2003, Morton filed a Motion to Dismiss, challenging the constitutionality of the statute on First Amendment grounds. Morton later filed a brief in support of his motion to dismiss on constitutional grounds, stating that the definition of "erotic nudity" as defined in I.C. § 18–1507(2)(e) is unconstitutionally overbroad in violation of the First Amendment.

Morton was charged by Information on January 14, 2003, for the crime of Possession of Sexually Exploitative Material For Other Than A Commercial Purpose under I.C.

§§ 18–1507A & 18–1507. On March 4, 2003, the district court held oral arguments on the defendant's Motion to Dismiss on First Amendment Constitutional Grounds, which alleged that the statute is overbroad in violation of the First Amendment. After hearing oral arguments on Morton's motion, the district court denied the motion.

On March 27, 2003, pursuant to I.C.R. 11(a)(2), Morton entered a conditional guilty plea, which the district court accepted, reserving his right to appeal from the district court's denial of his Motion to Dismiss on First Amendment Constitutional Grounds. Morton appeals to this Court.

## II.

### STANDARD OF REVIEW

■ "When this Court considers a claim that a statute is unconstitutional, we review the trial court's ruling de novo since it involves purely a question of law." *State v. Cobb*, 132 Idaho 195, 197, 969 P.2d 244, 246 (1998).

## III.

### ANALYSIS

**A. Idaho Code § 18–1507(2)(e) Is Not Unconstitutionally Overbroad On Its Face.**

■ Where a facial overbreadth challenge is presented, this Court's inquiry is to "determine whether the enactment reaches a substantial amount of constitutionally protected conduct." *Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362, 369 (1982). Statutes are not unconstitutional due to facial overbreadth unless the overbreadth is "not only real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Broadrick v. Oklahoma*, 413 U.S. 601, 615, 93 S.Ct. 2908, 2917, 37 L.Ed.2d 830, 842 (1973). The party challenging the constitutionality of a statute bears the burden of establishing the statute is unconstitutional and "must overcome a strong presumption of validity." *State v. Korsen*, 138 Idaho 706, 711, 69 P.3d 126, 131 (2003) (quoting *Olsen v.*

*J.A. Freeman Co.,* 117 Idaho 706, 709, 791 P.2d 1285, 1288 (1990)). "Appellate courts are obligated to seek an interpretation of a statute that upholds its constitutionality." *Korsen,* 138 Idaho at 711, 69 P.3d at 131.

■ "Depictions of nudity, without more, constitute protected expression." *Osborne v. Ohio,* 495 U.S. 103, 112, 110 S.Ct. 1691, 1697, 109 L.Ed.2d 98, 111 (1990). However, there are limits on the category of child pornography that, like obscenity, is unprotected by the First Amendment. *New York v. Ferber,* 458 U.S. 747, 763, 102 S.Ct. 3348, 3358, 73 L.Ed.2d 1113, 1126–27 (1982). As a general rule, pornography can be banned only if obscene, but under *Ferber,* pornography showing minors can be proscribed whether or not the images are obscene under the definition set forth in *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). *Ashcroft v. Free Speech Coalition,* 535 U.S. 234, 240, 122 S.Ct. 1389, 1398, 152 L.Ed.2d 403, 414–15 (2002).

■ To defeat a challenge of overbreadth, the conduct to be prohibited must, as written or authoritatively construed, be adequately defined by the applicable state law; the prohibition must be limited to works that visually depict sexual conduct by children below a specified age; the category of "sexual conduct" proscribed must be suitably limited and described; and, criminal responsibility may not be imposed without some element of scienter on the part of the defendant. *Ferber,* 458 U.S. at 764–765, 102 S.Ct. at 3358, 73 L.Ed.2d at 1127–28. In other words, statutes prohibiting the production or distribution of child pornography must sufficiently narrow the scope of their prohibitions to avoid "criminaliz[ing] an intolerable range of constitutionally protected conduct." *Osborne,* 495 U.S. at 112, 110 S.Ct. at 1697, 109 L.Ed.2d at 110.

Idaho Code §§ 18–1507A and 18–1507 cover the crime of possession of sexually exploitative material for other than a commercial purpose. Section 18–1507A(2) states in relevant part that every person who knowingly and willfully has in his possession any sexually exploitative material as defined in I.C. § 18–1507 for other than a commercial purpose, is guilty of a felony, and shall be punished. I.C. § 18–1507A(2). "Sexually exploitative material" means, among other things, any videotape that depicts a child being used for explicit sexual conduct. I.C. § 18–1507(2)(k). A "child" is defined as a person who is less than eighteen (18) years of age. I.C. § 18–1507(2)(b). "Explicit sexual conduct" means, *inter alia,* "erotic nudity." I.C. § 18–1507(2)(f). "Erotic nudity" is defined, in relevant part, to mean the display of the human male or female genitals or pubic area, the undeveloped or developing genitals or pubic area of the human male or female child, the human female breasts, or the undeveloped or developing breast area of the human female child, for the purpose of real or simulated overt sexual gratification or stimulation of one or more of the persons involved. I.C. § 18–1507(2)(e). The policy rationale behind the enactment of this statute is to "protect children from the physical and psychological damage caused by their being used in photographic representations of sexual conduct which involves children." I.C. § 18–1507A(1).

Morton argues that I.C. §§ 18–1507A & 18–1507—specifically, the definition of "erotic nudity" in I.C. § 18–1507(2)(e)—are unconstitutionally overbroad in violation of the First Amendment because they criminalize an intolerable range of constitutionally protected conduct by seeking to prohibit possession based upon the thoughts of the possessor.

Idaho Code §§ 18–1507A and 18–1507, including the definition of "erotic nudity" in I.C. § 18–1507(2)(e), is not unconstitutionally overbroad because it withstands analysis under *Ferber* and *Osborne.* First, it limits its reach to works that visually depict sexual conduct by children below a certain age. The statute limits its scope to "sexually exploitative material" such as photographs or videotapes depicting a child under the age of eighteen. I.C. § 18–1507(2)(b) & (c). Second, it suitably limits the category of "sexual conduct" proscribed. The portion specifically under attack is "erotic nudity," which is limited to display of the genitals, genital area or female breast (or the undeveloped equivalents) "for the purpose of real or simulated overt sexual gratification or stimulation of

one or more of the persons involved." I.C. § 18–1507(2)(e).

Under the tests articulated in *Ferber* and *Osborne,* the mere "display" of a child's undeveloped, developing or developed genitals, pubic area, or female breasts, without more, constitutes protected expression. However, by limiting the prohibition of such "displays" to material made "for the purpose of overt sexual gratification or stimulation of one or more of the persons involved," the statute simultaneously targets child pornography, which is not protected speech, *see e.g., Ferber,* 458 U.S. at 764, 102 S.Ct. at 3358, 73 L.Ed.2d at 1127, and reduces the possibility that the statute will be used to prohibit protected speech. So limited, the statute does not reach constitutionally protected materials depicting nude children for family, educational, medical, artistic or other legitimate purposes.

Additionally, when the "purpose" portion of I.C. § 18–1507(2)(e) (i.e., "for the purpose of real or simulated overt sexual gratification or stimulation of one or more of the persons involved.") is considered, the scope of the prohibited conduct narrows significantly because the only conduct prohibited by the statute is conduct which is *not* morally innocent, i.e., the possession or viewing of the described material for prurient purposes. As written, then, the statute's proscription is not so broad as to outlaw all depictions of minors in a state of nudity, but rather only those depictions that constitute child pornography. Moreover, to the extent such constitutionally protected works may come within the reach of the statute, it is "seriously doubt[ful] ... that these arguably impermissible applications of the statute [will] amount to more than a tiny fraction of the materials within the statute's reach." *Ferber,* 458 U.S. at 773, 102 S.Ct. at 3363, 73 L.Ed.2d at 1133. Finally, I.C. § 18–1507A contains an element of scienter because, to be guilty of such possession, the possessor must do so "knowingly and willfully." I.C. § 18–1507A(2).

Nevertheless, Morton argues that *State v. Bonner,* 138 Idaho 254, 61 P.3d 611 (Ct.App.2002) controls in this case. Although persuasive, Court of Appeal's decisions are not binding case law precedent in this Court. *Dachlet v. State,* 136 Idaho 752, 757, 40 P.3d 110, 115 (2002). Notwithstanding that fact, the Court of Appeals' *Bonner* decision, finding I.C. § 18–1508A unconstitutionally overbroad, is inapplicable to this case because, as discussed above, the definition of "erotic nudity" in I.C. § 18–1507(2)(e) passes constitutional scrutiny.

As such, the definition of "erotic nudity" in I.C. § 18–1507(2)(e), as referred to by I.C. § 18–1507A, is not unconstitutionally overbroad because it sufficiently narrows the scope of its prohibition and avoids "criminaliz[ing] an intolerable range of constitutionally protected conduct." *Osborne,* 495 U.S. at 112, 110 S.Ct. at 1697, 109 L.Ed.2d at 110.

## IV.

## CONCLUSION

The judgment of the district court is affirmed. Idaho Code §§ 18–1507A and 18–1507 are not unconstitutionally overbroad because they sufficiently narrow the scope of their prohibition and avoid criminalizing an intolerable range of constitutionally protected conduct. No costs are awarded.

Chief Justice TROUT and Justices SCHROEDER, EISMANN, and BURDICK concur.