227 P.2d 586

**HILL et al. v. SCHULTZ et ux.**

No. 7667.

Supreme Court of Idaho.

Feb. 3, 1951.

Rehearing Denied Feb. 27, 1951.

146

James, Shaw & James, Gooding, for respondents.

B. A. McDevitt, Pocatello, E. B. Taylor, Hailey, for appellants.

PORTER, Justice.

In the fall of 1947, defendants were erecting a building in Ketchum. There was a mortgage on the building of some $16,000; and appellants needed funds with which to complete the construction of the building. On November 1, 1947, appellants borrowed $25,000 from respondents with which to pay off such mortgage and to finish the construction of their building. Appellants executed their promissory note for the $25,-000 and secured the payment of same by a mortgage on their premises.

The promissory note was made payable ten years after date with interest at the rate of six percent per annum. It also contains the following provision: "The undersigned further agree to make quarterly payments annually, to be appled first on account of interest the balance on account of principal, any net proceeds from the operation of slot machines and a bar, at premises situated in the Townsite of Ketchum, Blaine County, State of Idaho, par-

ticularly described as the North 30 feet of Lot 2 and the South 20 feet of Lot 3 in Block 4, in said Townside; the net proceeds being: gross receipts from said operations, less all operating expenses in connection therewith, all maintenance charges for the upkeep of the said premises, real and personal property taxes, income taxes, license fees both State and Federal, property insurance, and a maximum of Two Hundred and no/100 ($200.00) Dollars per month for general living expenses of the undersigned. The payees of this note are to have the privilege of inspecting the books and records showing the moneys received and expended in the said operations of the undersigned every three months, commencing from the date said operations commence."

At the same time, appellants and respondents entered into a written lease whereby appellants leased to respondents for a period of ten years at the annual rental of $10 per year, a portion of said building described in the lease as "that certain floor space, to be mutually agreed upon between the parties hereto, and for all concessions and games to be operated on said floor space." Thereafter, respondents stored and set up certain gambling equipment in the building, but same was never operated and was later removed.

The mortgage provides that the mortgagors shall keep the premises insured in a sum not less than $25,000 payable to the mortgagees as their interests may appear; that the mortgagors shall pay promptly all insurance premiums and all taxes assessed against the property; that if the mortgagors fail to pay the insurance premiums, the mortgagees may do so and that the same shall become due at once to the mortgagees; that should the mortgagors fail to pay said amount or amounts so paid by the mortgagees upon demand or fail to perform or keep any of the covenants or agreements in the mortgage, then in any such event, the mortgagees, at their option, may declare the entire amount of the mortgage debt, including accrued interest, due and payable and proceed to foreclose the mortgage.

Appellants failed to pay the insurance premiums for the year 1948 and the same were paid by respondents in the sum of $842. Appellants likewise failed to pay the 1948 taxes on the premises amounting to $230.71.

Under date of March 21, 1949, respondents made written demand upon appellants for reimbursement for the insurance premiums paid and interest thereon; called appellants' attention to the unpaid taxes; and requested appellants to pay such amounts within ten days. Appellants, having failed to pay the amount due on the insurance premiums or the taxes, respondents served notice upon appellants under date of April 2, 1949, that respondents did thereby declare due the entire amount of the mortgage debt, including accrued interest and the amount of insurance premiums paid there-

on; and that unless appellants immediately paid the sums due under said mortgage, respondents would proceed to foreclose the mortgage. No payments having been made by appellants, respondents filed this action in foreclosure on April 20, 1949.

By their complaint, respondents alleged the execution of the note and mortgage; that by reason of the failure of appellants to pay the insurance premiums and to pay the taxes, respondents had declared the whole sum of the promissory note due and payable; and prayed judgment in foreclosure. By their answer, appellants denied that they were in default under the terms of the note and mortgage; affirmatively alleged that the note, mortgage and lease constituted one agreement; and alleged, in effect, that such agreement was illegal and unenforceable.

A trial was had upon the issues thus formed. The trial court found on the issues in favor of respondents and entered a judgment of foreclosure. From such judgment appellants have appealed to this court.

For convenience, we will not discuss the assignments of error separately but will consider the questions raised by such assignments. Appellants urge that the insurance premiums and taxes, by the terms of the promissory note, were to be paid out of the operating income of the business of appellants and not otherwise; that the evidence does not show that there were any proceeds from such business with which to pay same; and therefore, the evidence fails to show that appellants were in default for failure to make such payments. Appellants misinterpret the provisions of the promissory note. An examination of such provisions discloses that appellants agreed to pay quarterly, the net proceeds from their business in liquidation of the note and that in determining such net proceeds they could deduct, among other things, the amount paid for insurance premiums and taxes. These provisions in the note do not relieve appellants of paying the taxes and insurance premiums in any event, as provided in the mortgage, and their failure to do so constituted a breach of the covenants of the mortgage entitling respondents to declare the whole sum of the note and mortgage due and payable.

Appellants contend that the note, mortgage and lease constitute but one agreement with but one consideration; that the lease provides for the operation of illegal gambling and the whole agreement is thereby rendered unenforceable. It may be conceded that the contemporaneous instruments executed by the same parties and having relation to the same subject matter must be construed together as parts of one agreement. If it be assumed, contrary to the trial court's Finding of Fact No. 7, that the lease provides for illegal gambling and is unenforceable, such part of the agreement is readily severable. The distinct consideration for the note and mortgage is the loan of the $25,000. The lease is in a separate instrument. The consideration for the lease, by its terms, is the rental reserved.

Also, it appears in the evidence that appellants anticipated increased patronage by reason of the presence of games and concessions in their place of business. The respondents in this suit do not seek any relief under the lease and do not have to rely upon same to make out their cause of action.

Where some of the provisions of an agreement are lawful and some are illegal and the same are severable and supported by distinct or apportionable considerations, and the plaintiff does not have to rely upon the illegal provisions to make his cause of action, the illegal provisions in the contract are no bar to such action. See Durant v. Snyder, 65 Idaho 678, 151 P.2d 776, for a detailed discussion and citation of authority as to when a contract is severable and the right of a plaintiff to prevail if no necessity exists for reliance upon illegal provisions therein. See also, Municipal Securities Corp. v. Buhl Highway Dist., 35 Idaho 377, 208 P. 233; Vancil v. Anderson, Idaho, 227 P.2d 74; Wayman Inv. Co. v. Wessinger & Wagner, 13 Cal.App. 108, 108 P. 1022; Henshaw v. Smith, 102 Kan. 599, 171 P. 616; Faist v. Dahl, 86 Neb. 669, 126 N.W. 84.

Finally, appellants contend that by the terms of the promissory note they were to pay the taxes and insurance premiums out of the net proceeds from the bar and slot machines; that slot machines are a lottery prohibited by Article III, Section 20, of the Constitution; that the statute permitting their operation is unconstitutional; and that, therefore, the whole agreement is illegal and not enforceable. Respondents received no payments on the note from the net proceeds of the business or otherwise. They made no effort to enforce such provision in the note. In this suit they are not seeking any relief under such provision. It is a severable part of the agreement upon which respondents are not relying, or compelled to rely, in this action. It is not a bar to their recovery. Perkins v. Nevill, Tex.Com.App., 58 S.W.2d 50.

It is, therefore, unnecessary to pass upon the constitutionality of the statute licensing slot machines. This court will not pass on the constitutionality of a statute unless it is absolutely necessary to do so in order to determine the merits of the case. In re Brainard, 55 Idaho 153, 39 P.2d 769; Twin Falls Canal Co. v. Huff, 58 Idaho 587, 76 P.2d 923; Albrethsen v. State, 60 Idaho 715, 96 P.2d 437.

The judgment of the trial court is affirmed. Costs awarded to respondents.

GIVENS, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.