641 P.2d 998

**STATE of Idaho, Plaintiff-Respondent,**

v.

**George Daniel GOODRICK,
Defendant-Appellant.**

No. 13361.

Supreme Court of Idaho.

March 3, 1982.

Stephen B. McCrea, Coeur d'Alene, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., James F. Kile, Sp. Deputy Atty. Gen., Leslie Goddard, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SHEPARD, Justice.

This is an appeal by defendant-appellant Goodrick, not from his conviction of assault with intent to commit the infamous crime against nature, but only the length of the fourteen year imprisonment sentence. We affirm.

Goodrick was released from a federal penitentiary in the State of Washington where he had been serving time on rape and kidnapping charges, and he immediately returned to Idaho where he met with John Watson and Watson's ex-wife. During the night of September 3, 1978, they made a trip to Rockford, Washington, and then returned to Watson's home in Coeur d'Alene. Goodrick then borrowed Watson's automobile for the purpose of returning the ex-wife to her home in Post Falls, Idaho. While on that trip, he tried to force the woman to fellate him and when she protested that she was pregnant, Goodrick threatened to kick her in the stomach. The woman escaped from a moving car.

Goodrick was charged with assault with intent to commit the infamous crime against nature and grand larceny. The latter charge was later amended to embezzlement by a bailee and ultimately dropped as a result of a plea bargain. At the sentencing hearing, Goodrick received the maximum penalty, i.e., a fixed sentence of fourteen years imprisonment.

Goodrick asserts that the trial court erred and the maximum sentence which legally could be imposed was five years. We disagree.

Goodrick first asserts that I.C. § 18–6605, prohibiting the infamous crime against nature, cannot constitutionally be applied to consenting adults of the opposite sex. The State's position, with which we agree, is that Goodrick has no standing to raise that claim. Here, it is clearly shown that Goodrick used force and threats against his victim and hence he has no standing to challenge the application of the statute to actions of consenting adults.

It is a fundamental rule of constitutional law that when a statute can be applied to a person's conduct without violating any constitutional provision, he will not be heard to assert that the statute might be unconstitutional if applied to other types of behavior. *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); *United States v. Raines*, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960). *See* Note, Standing to Assert Constitutional Jus Tertii 88 Harv.L.Rev. 423 (1974). That rule is particularly applicable in the face of an overbreadth claim. The doctrine has its foundation in the case or controversy limitation in the constitution and the theory that courts should deal only with the facts before them and not with a hypothetical set of facts. That restriction is not absolute and exceptions have been carved out in two areas. A party to litigation may raise third parties' constitutional objections to a statute where third parties would be prejudiced by the outcome and they have no effective means of protecting their rights. *E.g. Eisenstadt v. Baird*, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972). Where a party's conduct clearly falls outside of constitutional protection, a challenge may be entertained when the challenged statute is facially overbroad in attempting to regulate speech or conduct protected by the First Amendment. *E.g., Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *but cf. Broadrick v. Oklahoma supra.*

Here Goodrick's challenge falls within neither exception. No claim is made that the activity sought to be regulated is First Amendment protected speech, and further there is no showing that consenting adults charged with the infamous crime against nature would not be able to defend their alleged constitutional rights.

We find some division among other jurisdictions on the question of standing. Decisions holding that a party who has used force against his victim has no standing include *People v. Sharp*, 183 Colo. 64, 514 P.2d 1138 (1973); *Hughes v. State*, 14 Md. App. 497, 287 A.2d 299 (Md.Ct.Spec.App. 1972); *cert. denied*, 409 U.S. 1025, 93 S.Ct. 469, 34 L.Ed.2d 317 (1972); *cf., State v. Pilcher*, 242 N.W.2d 348 (Iowa 1976). The Arizona court in *State v. Bateman*, 113 Ariz. 107, 547 P.2d 6 (1976), *cert. denied*, 429 U.S. 864, 97 S.Ct. 170, 50 L.Ed.2d 267 (1976), has suggested that consenting adults would not be able to raise their own constitutional objections, but recent case law indicates that consenting adults indeed have been prosecuted for violation of state sodomy statutes. *See, e.g. Carter v. State*, 500 S.W.2d 368 (Ark.1973); *cert. denied*, 416 U.S. 905, 94 S.Ct. 1610, 40 L.Ed.2d 110 (1974); *Kelly v. State*, 45 Md.App. 212, 412 A.2d 1274 (Md.Ct.Spec.App.1980); *aff'd*. 290 Md. 364, 430 A.2d 570 (Md.App.1981); *People v. Onofre*, 51 N.Y.2d 476, 434 N.Y.S.2d 947, 415 N.E.2d 936 (N.Y.1980). Hence, we hold that the facts of this case do not come within either of the exceptions to the required standing and Goodrick has no standing to assert the alleged overbreadth of the statute proscribing the infamous crime against nature, a statute under which he was neither charged nor convicted.

Goodrick next argues that assault with intent to commit the infamous crime against nature is a lesser included offense of the infamous crime against nature, that the penalty for a lesser included offense cannot exceed the maximum penalty authorized for the greater offense, that the maximum penalty for the infamous crime against nature is five years and, therefore, his sentence cannot exceed five years. If any of those three postulates fail, then Goodrick's argument fails.

■ Without intimating any view thereon, we assume, only for the purpose of this discussion, that assault with intent to commit the infamous crime against nature is a lesser included offense of the infamous crime against nature and assume also that

the maximum penalty for infamous crime against nature is five years imprisonment. We then examine Goodrick's assertion that the penalty for a lesser included offense cannot exceed the maximum penalty authorized for the greater offense. That contention is grounded in the Eighth Amendment's ban on cruel and unusual punishments. Other jurisdictions have somewhat divided on this question. Two state courts have held that the penalty for a lesser included offense cannot exceed the maximum penalty authorized for the so-called greater offense. *Dembowski v. State*, 251 Ind. 250, 240 N.E.2d 815 (Ind.1968); *Application of Cannon*, 203 Or. 629, 281 P.2d 233 (1955). In those jurisdictions their state constitutions contain provisions requiring all penalties to be proportionate to the offense. Idaho has no such constitutional provision. *See* Idaho Const., Art. 1, § 6, prohibiting cruel and unusual punishments. Although the decisions of the Indiana and Oregon courts purported to rely also on the Eighth Amendment to the United States Constitution, we believe such parts of the decisions are incorrect in light of recent United States Supreme Court precedent. *Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). *See also Hutto v. Davis*, —— U.S. ——, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982).

*Roberts v. Collins*, 544 F.2d 168 (4th Cir. 1976), *cert. denied*, 430 U.S. 973, 97 S.Ct. 1663, 52 L.Ed.2d 368 (1977), held that the Eighth Amendment, coupled with the decision in *Weems v. United States*, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910), required penalties for lesser included offenses to be no greater than the maximum penalty for the greater offense because it held that penalties must be proportionate to the offense. The court relied upon an earlier Fourth Circuit decision of *Hart v. Coiner*, 483 F.2d 136 (1973), *cert. denied*, 415 U.S. 938, 94 S.Ct. 1454, 39 L.Ed.2d 495 (1974). We find *Roberts v. Collins, supra*, to be no longer persuasive.

In *Rummel v. Estelle, supra,* the United States Supreme Court effectively invalidated the *Hart v. Coiner* decision. In both *Rummel* and *Hart* a defendant had been convicted of his third of three relatively minor felonies and been sentenced to life imprisonment under the state recidivist statute. The United States Supreme Court in *Rummel* held that such a penalty did not violate the Eighth Amendment, a holding contrary to *Hart,* and stated that the standard of review in such cases is whether the penalty is "grossly disproportionate" to the offense rather than the stricter proportionality standard employed by the Fourth Circuit. *Rummel v. Estelle,* 445 U.S. at 271, 100 S.Ct. at 1138.

■ In *Rummel* the Court noted that outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare. The Court described the *Weems* decision as one of those exceedingly rare cases[1] and concluded that the length of a sentence imposed is "purely a matter of legislative prerogative." *Rummel, supra,* 100 S.Ct. at 1139; *see also Crutchfield v. Commonwealth,* 248 Ky. 704, 59 S.W.2d 983 (Ky.1933); *State v. Dietz,* 264 Minn. 551, 119 N.W.2d 833 (Minn.1963). Hence, we disagree with Goodrick's assertion that the Eighth Amendment to the United States Constitution requires proportionality and prohibits a greater penalty for a lesser included offense than the maximum penalty authorized for a greater offense.

Goodrick also relies upon *State v. Hall,* 88 Idaho 117, 397 P.2d 261 (1964). That decision is inapposite to the instant case. There the defendant was charged with a greater offense, but convicted after trial of a lesser offense. Also, the Court construed the penalty provision as fixing a shorter sentence for the lesser offense and so was not faced with the question posed in the instant case.

*Hall* does not stand for the proposition that the Eighth Amendment is violated whenever a greater penalty is authorized for a lesser offense.

Finally, we note that there are instances in which an assault with intent to commit the crime against nature can be more brutal than the act itself. *Cf., Simms v. State,* 288 Md. 712, 421 A.2d 957 (Md.App.1980). We decline to circumscribe the discretion of the state in prosecuting such crimes.

The sentence imposed by the district court is affirmed.

McFADDEN and DONALDSON, JJ., concur.

BAKES, C. J., concurs in the result.

BISTLINE, Justice, concurring specially.

It has generally been considered questionable appellate practice to address and decide issues which are not necessary to the disposition of an appeal, particularly where those issues involve the state and federal constitutions. "It is a well established principle . . . that this Court 'will not pass upon questions of constitutionality until presented in a cause demanding rulings thereon.' " *State v. Hightower,* 101 Idaho 749, 757, 620 P.2d 783, 791 (1980) (quoting *Twin Falls Canal Co. v. Huff,* 58 Idaho 587, 599, 76 P.2d 923, 928 (1938). *See Swensen v. Buildings, Inc.,* 93 Idaho 466, 463 P.2d 932 (1970); *Hill v. Schultz,* 71 Idaho 145, 227 P.2d 586 (1951). Given the Court's conclusion that Goodrick has no standing to raise his claim that I.C. § 18–6605 is unconstitutional as applied to consenting adults, I am at a loss to understand why the Court then goes on to make gratuitous statements in the area of sentencing disparity, and also with regard to the state and federal constitutional prohibitions against cruel and unusual punishment. My concurring vote is cast solely

---

1. The Court's decision in *Weems* did not rest solely on the length of the sentence, but also on the provisions of the Phillipines' *cadena temporal.* Those provisions included hard and painful labor with chains on the ankle and wrist of the offender, a prohibition on visits by friends or relatives, loss of marital and parental au-

thority and property rights, and, after twelve years of such confinement, the offender was required to obtain written permission to change his domicile. 217 U.S. at 366, 30 S.Ct. at 548. *Rummel v. Estelle,* 445 U.S. at 273, 100 S.Ct. at 1138–39.

on the basis that Goodrick has no standing to assert the constitutional rights of consenting adults, in which class he here did not fit. Since Goodrick's *entire argument* turns on convincing us that I.C. § 18–6605 is unconstitutional as applied to consenting adults, it is totally unnecessary to address his ultimate argument concerning the validity of his sentence.

To clarify Goodrick's position, I will set forth his arguments in the correct sequence. Goodrick argues (1) he has standing to challenge the constitutionality of I.C. § 18–6605 as applied to consenting adults, (2) I.C. § 18–6605 is in fact unconstitutional as applied to consenting adults, (3) I.C. § 18–6605 therefore applies only to nonconsensual acts of sodomy (i.e., acts coerced through threats or violence), (4) the offense of assault with intent to commit sodomy is therefore a lesser included offense of the crime of sodomy, (5) the maximum penalty for sodomy is five years,[1] the maximum penalty for assault with intent to commit sodomy is fifteen years, and (6) imposition of a greater sentence for a lesser included offense than could have been imposed for the greater offense violates the state and federal constitutional prohibitions on cruel and unusual punishment.[2] As can be readily seen, this entire house of cards relies for its foundation on Goodrick's initial premise—that he has standing to assert the constitutional rights of consenting adults. Goodrick makes no other argument, and since the Court concludes that his foundational premise is without merit, there is no need to gratuitously go beyond that point. "While [Goodrick] may very well entertain a concern for [his] innocent fellow men . . . it is a well-established principle of constitutional law that such concern does not confer upon [Goodrick] the requisite standing to mount the attack." *State v. Lopez*, 98 Idaho 581, 596, 570 P.2d 259, 274 (1977) (Bistline, J., dissenting).[3]

The Court's position on the standing issue is much the same as it took in *State v. Carringer, supra*, note 1. In *Carringer*, however, the Court properly declined to proceed to the merits of the constitutional argument, notwithstanding that in *Carringer* the merits involved the very statute on which the standing question was decided, while here the standing question merely removes the linchpin in Goodrick's attack on his sentence. Nevertheless the same principles militating against the gratuitous resolution of constitutional issues should apply.

Based upon my conclusion that Goodrick has no standing to mount his constitutional assault, I agree with the majority that the sentence imposed should be affirmed.

1. To reach this conclusion we would have to overrule *State v. Carringer*, 95 Idaho 929, 523 P.2d 532 (1974), in which a sharply divided court held that the maximum penalty for sodomy was solely up to the discretion of the sentencing court.

2. The Court's observation that the assault may in some cases be more heinous than the actual commission of the crime is undoubtedly correct. It is unnecessary to decide, however, what effect that has on the constitutionality of disparate sentences.

3. *Lopez* should be overruled. To leave it stand until the Court is one day differently comprised serves only to bring undue confusion into case law. The Court there sustained a "facially vague" attack on the constitutionality of a statute criminalizing prostitution. It purported to distinguish the contrary result in *Carringer* by observing that "[i]n *Carringer*, unlike the case at bar, the ugly facts of the specific conduct of the defendant were before the Court . . . . and we have no knowledge of the acts allegedly performed by Lopez." *Lopez* at 588, 570 P.2d 259. The Court rather blithely had already mentioned that the appeal record (brought up by Lopez—not the State) failed to include a reporter's transcript of the evidence adduced against Lopez. There was, however, even more wrong with the *Lopez* opinion than that particular item, but on that basis alone, it should be disavowed. The Court will not likely ever again follow its teaching.