61 P.3d 611 (2002)
138 Idaho 254
STATE of Idaho, Plaintiff-Respondent,
v.
Gary BONNER, Defendant-Appellant.
No. 27497.
Court of Appeals of Idaho.
September 17, 2002.
Review Denied January 17, 2003.
*612 Van G. Bishop, Nampa, for appellant.
Hon. Alan G. Lance, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.
LANSING, Judge.
Gary Bonner appeals from his judgment of conviction for sexual battery of a minor. Because we conclude that the subsection of the sexual battery statute under which Bonner was prosecuted is unconstitutional, we reverse the judgment.

I.

FACTS AND PROCEDURE
Bonner was apprehended by police standing outside the home where a sixteen-year-old girl resided. He had in his possession a video camera and a small stepstool. Police determined that he had secretly videotaped the girl in various states of undress by standing on the stepstool to make a videotape recording through a gap in the blinds covering *613 a window. Bonner was charged with sexual battery of a minor child of the age of sixteen or seventeen years, Idaho Code § 18-1508A(1)(d).
Bonner moved for dismissal of the case, arguing that the subsection of the statute under which he was charged was unconstitutionally overbroad and vague. The district court denied the motion. Thereafter, Bonner entered a conditional guilty plea pursuant to Idaho Criminal Rule 11 and reserved the right to appeal the denial of his dismissal motion. On appeal, Bonner renews his assertion that I.C. § 18-1508A(1)(d) violates the Idaho and United States Constitutions because it is overbroad on its face and void for vagueness.

II.

ANALYSIS
Where the issue presented involves the constitutionality of a statute, we review the district court's determination de novo. State v. Richards, 127 Idaho 31, 34, 896 P.2d 357, 360 (Ct.App.1995).
The statute at issue here is subsection (1)(d) of I.C. § 18-1508A, which provides:
(1) It is a felony for any person at least five (5) years of age older than a minor child who is sixteen (16) or seventeen (17) years of age, who, with the intent of arousing, appealing to or gratifying the lust, passion, or sexual desires of such person, minor child, or third party, to:
. . . .
(d) Make any photographic or electronic recording of such minor child.
Bonner does not contend that I.C. § 18-1508A(1)(d) is unconstitutional as applied to his own conduct. Rather, he makes a facial challenge to the statute, contending that it is overbroad because it impermissibly proscribes a substantial amount of constitutionally protected conduct and is therefore incapable of any constitutional application. See generally, Broadrick v. Oklahoma, 413 U.S. 601, 609-13, 93 S.Ct. 2908, 2914-17, 37 L.Ed.2d 830, 838-41 (1973); State v. Goodrick, 102 Idaho 811, 812, 641 P.2d 998, 999 (1982). Bonner submits that the statute runs afoul of the First Amendment because the proscription against photographs and electronic recordings is not limited to those with sexual content or those that were made under circumstances likely to be harmful to children. Rather, he points out, the statute is so broad that the creation of photos or recordings with entirely innocent content is criminalized based solely upon the intent or thoughts of the person creating them. Bonner argues that the statute thus infringes upon First Amendment rights and may have a chilling effect upon constitutionally protected expression.
Facial attacks for overbreadth are not favored in the law and are allowed only in limited circumstances. Broadrick, 413 U.S. at 613, 93 S.Ct. at 2914, 37 L.Ed.2d at 840; Goodrick, 102 Idaho at 812, 641 P.2d at 999. If a statute can be constitutionally applied to the defendant's individual conduct, the defendant ordinarily cannot complain that the statute violates the constitutional rights of third persons who do not stand accused. Broadrick, 413 U.S. at 610, 93 S.Ct. at 2914, 37 L.Ed.2d at 838; Goodrick, 102 Idaho at 812, 641 P.2d at 999. Such challenges are allowed, however, where the statute in question might impermissibly infringe upon speech or conduct protected by the First Amendment. Broadrick, 413 U.S. at 612, 93 S.Ct. at 2916, 37 L.Ed.2d at 840. The United States Supreme Court has explained:
In those cases, an individual whose own speech or expressive conduct may validly be prohibited or sanctioned is permitted to challenge a statute on its face because it also threatens others not before the courtthose who desire to engage in legally protected expression but who may refrain from doing so rather than risk prosecution or undertake to have the law declared partially invalid.
Brockett v. Spokane Arcades, Inc., 472 U.S. 491, 503, 105 S.Ct. 2794, 2801, 86 L.Ed.2d 394, 405 (1985).
The overbreadth doctrine is aimed at statutes which, though designed to prohibit legitimately regulated conduct, include within their prohibitions constitutionally protected freedoms. Cantwell v. Connecticut, *614 310 U.S. 296, 303-04, 60 S.Ct. 900, 903-04, 84 L.Ed. 1213, 1217-18 (1940); Schwartzmiller v. Gardner, 752 F.2d 1341, 1346 (9th Cir. 1984). Where a facial overbreadth challenge is presented, our inquiry is to "determine whether the enactment reaches a substantial amount of constitutionally protected conduct." Hoffman Estates v. Flipside, Hoffman Estates, 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362, 369 (1982). See also State v. Newman, 108 Idaho 5, 11, 696 P.2d 856, 862 (1985). "If the overbreadth is `substantial,' the law may not be enforced against anyone, including the party before the court, until it is narrowed to reach only unprotected activity, whether by legislative action or by judicial construction or partial invalidation." Brockett, 472 U.S. at 503-04, 105 S.Ct. at 2801-02, 86 L.Ed.2d at 405-06. See also Sec'y of State of Maryland v. J.H. Munson Co., 467 U.S. 947, 964-65, 104 S.Ct. 2839, 2850-51, 81 L.Ed.2d 786, 800-01 (1984). Overbreadth is not substantial if, "despite some possibly impermissible application, the `remainder of the statute ... covers a whole range of easily identifiable and constitutionally proscribable ... conduct....'" Id., quoting United States Civil Serv. Comm'n v. Letter Carriers, 413 U.S. 548, 580-81, 93 S.Ct. 2880, 2898, 37 L.Ed.2d 796, 817 (1973). The test may be otherwise stated as whether the statute is unconstitutional in a substantial portion of the cases to which it applies. Regan v. Time, Inc., 468 U.S. 641, 650, 104 S.Ct. 3262, 3267, 82 L.Ed.2d 487, 495 (1984).
Although the State argues to the contrary, it is clear that the creation of photographs, paintings, and other nonverbal productions is expressive activity that ordinarily qualifies for First Amendment protection. Kaplan v. California, 413 U.S. 115, 119-20, 93 S.Ct. 2680, 2684-85, 37 L.Ed.2d 492, 496-97 (1973) (stating that "pictures, films, paintings, drawings and engravings ... have First Amendment protection" if not obscene). See also Massachusetts v. Oakes, 491 U.S. 576, 591-92, 109 S.Ct. 2633, 2642-43, 105 L.Ed.2d 493, 506-07 (1989) (photographs); Schad v. Mount Ephraim, 452 U.S. 61, 66, 101 S.Ct. 2176, 2181, 68 L.Ed.2d 671, 678 (1981) (stating that "nude dancing is not without its First Amendment protections from official regulation"); Ashcroft v. Free Speech Coalition, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002) (computer-generated images and photographs). Nevertheless, there are categories of such "speech" that may be prohibited without offending the First Amendment. Forms of unprotected speech include obscenity, Memoirs v. Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966); Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), and child pornography, New York v. Ferber, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982).
Speech may be banned as obscene only if it meets the definition of obscenity set forth in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), which limits that appellation to "works which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value." Id. at 24, 93 S.Ct. at 2615, 37 L.Ed.2d at 430. Child pornography is also outside the scope of First Amendment protection, regardless of whether it meets the Miller standard for obscenity. Ferber, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113. In Ferber, the United States Supreme Court held that the compelling public interest in preventing the sexual exploitation and abuse of children justified the prohibition of child pornography because the use of children as subjects of pornographic photos, films or other recordings "is harmful to the physiological, emotional and mental health of the child." Id. at 758, 102 S.Ct. at 3355, 73 L.Ed.2d at 1123. Because such harm may occur regardless of whether the resulting work meets the Miller obscenity test, a sexually explicit depiction of a child may be barred even if the work possesses legitimate literary, artistic, political or scientific value. Id. at 761, 102 S.Ct.at 3357, 73 L.Ed.2d at 1125.
Nevertheless, because legislation banning child pornography, like that prohibiting obscenity, regulates speech, it must be carefully crafted to limit its reach. The conduct to be prohibited must be adequately defined, the prohibition must be limited to *615 works that visually depict sexual conduct by children below a specified age, the forms of "sexual conduct" must be suitably limited and described, and criminal responsibility may not be imposed without some element of scienter on the part of the defendant. Ferber, 458 U.S. at 764-65, 102 S.Ct. at 3358-59, 73 L.Ed.2d at 1127-28. The production and distribution of descriptions or other depictions of sexual conduct by children, if not obscene and if not involving live performance or photographic or other reproduction of live performance, retain First Amendment protection. Id. at 764-65, 102 S.Ct. at 3358-59, 73 L.Ed.2d at 1127-28.
Recently, in Free Speech Coalition, the Supreme Court reemphasized that it is the governmental interest in preventing physical and psychological harm arising from the use of real children in child pornography that underlies the exemption of child pornography from First Amendment protection. The Court there held that this legitimate interest does not similarly justify prohibitions against sexually explicit images that appear to be children but do not, in fact, involve the use of children in their production. The legislation under scrutiny in Ashcroft was the Child Pornography Prevention Act, 18 U.S.C. § 2251, et seq. (the CPPA), which proscribed any visual depiction that is, or appears to be, of a minor engaging in sexually explicit conduct, including computer-generated images and photos or films of adults who appear to be minors. The Supreme Court held that this provision of the CPPA violated the First Amendment because the proscription was not limited to obscenity as defined in Miller or true child pornography, which entails the use of real children. Because the proscription of the CPPA was not limited to obscenity, the Court said, it prohibited speech that possessed "serious literary, artistic, political, or scientific value." Free Speech Coalition, 535 U.S. at 246, 122 S.Ct. at 1400. The Court observed that themes of teenage sexual activity and sexual abuse of children "have inspired countless literary works," including films based on William Shakespeare's Romeo and Juliet and recent academy award-winning movies, the possession of which could be subject to severe punishment under the CPPA without inquiry into the work's redeeming value. Id. at 247-248, 122 S.Ct. at 1400-1401.
The Supreme Court rejected the government's stance that the speech prohibited by the CPPA is indistinguishable from child pornography, which may be banned without regard to whether it possesses literary or artistic merit. The Court explained that the prohibition of child pornography is constitutional because child pornography inflicts injury upon the children used in its production and "[t]he fact that a work contain[s] serious literary, artistic, or other value [does] not excuse the harm it caused to its child participants." Id. at 249, 122 S.Ct. at 1401. In child pornography, the Court said, "the images are themselves the product of child sexual abuse," and its distribution and sale, as well as its production, may be banned because those acts are intrinsically related to the sexual abuse of children and exacerbate the harm to the child victims. Id. In contrast, the Court said, the CPPA prohibited speech that recorded no crime and created no victims by its production. Therefore, the Court concluded, the CPPA found no support in Ferber, which had reaffirmed that speech which is neither obscene nor the product of sexual abuse retains First Amendment protection. Id. at 251, 122 S.Ct. at 1402.
The Free Speech Coalition court was likewise unpersuaded by the government's argument that "virtual" child pornography stimulates the appetites of pedophiles and may encourage them to engage in illegal conduct. This rationale would not sustain the CPPA because "[t]he mere tendency of speech to encourage unlawful acts is not a sufficient reason for banning it." Id. at 253, 122 S.Ct. at 1403.
The Supreme Court's reasoning in Free Speech Coalition illuminates the issue before us. Like the CPPA provisions challenged in Free Speech Coalition, I.C. § 18-1508A(1)(d) bars the creation of photographs or electronic recordings without regard to whether those materials are obscene or constitute child pornography. Indeed, the statute's proscription extends to photographs or electronic recordings of minors having no *616 sexual or offensive content at all. Nor is the statute focused to proscribe only photographs and recordings that harm the child subjects; it sweeps within its prohibition even photographs of innocuous content which are taken without the child's knowledge and which are not distributed or otherwise used in a manner that could inflict physical or psychological injury on the child. Such an undifferentiating ban is inconsistent with the First Amendment. Because the sweep of § 18-1508A(1)(d) is not limited as to the content of the proscribed photographs and recordings of minors, it may chill much protected expression.
We are mindful that § 18-1508A(1)(d) purports to prohibit only photographs and recordings made with the particular intent of arousing lust, passion or sexual desires. This limitation, however, does not save the statute. With its ban on photos and recordings unlimited as to content, the provision of § 18-1508A(1)(d) that narrows the statute's scope is, in essence, a prohibition of particular thoughts. Such legislation is impermissible. In Stanley v. Georgia, 394 U.S. 557, 565-66, 89 S.Ct. 1243, 1248-49, 22 L.Ed.2d 542, 549-50 (1969), where the Supreme Court struck down a state statute prohibiting private possession of obscene materials, the Court rejected the notion that "the State has the right to control the moral content of a person's thoughts." Said the Court, "To some, this may be a noble purpose, but is wholly inconsistent with the philosophy of the First Amendment.... Whatever the power of the state to control public dissemination of ideas inimical to the public morality, it cannot constitutionally premise legislation on the desirability of controlling a person's private thoughts." Id. In Free Speech Coalition, the Supreme Court again cautioned that "First Amendment freedoms are most in danger when the government seeks to control thoughts or to justify its laws for that impermissible end." Free Speech Coalition, 535 U.S. at 253, 122 S.Ct. at 1403. Moreover, because the requisite offensive intent can be easily hypothesized and ascribed to an accused by prosecuting authorities, the mental element of § 18-1508A(1)(d) does little to prevent a chilling effect on entirely innocent, protected expression.
We do not suggest that the conduct attributed to Bonner may not be legislatively prohibited by a properly crafted statute. Our state legislature has enacted statutes directed at child pornography, I.C. §§ 18-1507, 18-1507A, obscenity, I.C. §§ 18-4101, et seq.; 18-1513, 18-1514, and trespass of privacy (window peeping), I.C. § 18-7006. We hold only that the statute under which Bonner was charged in this case does not provide a permissible vehicle for his prosecution. Section 18-1508A(1)(d) regulates a vast amount of expressive activity and is not sufficiently narrow to avoid criminalizing an intolerable range of constitutionally protected conduct. That I.C. § 18-1508A(1)(d) criminalizes expression only when such expression is accompanied by an illegitimate and ignoble intent does not limit the statute's scope in such a way as to render it constitutional. Because I.C. § 18-1508A(1)(d) is unconstitutional on its face, it cannot be applied to punish Bonner's conduct.
Accordingly, the judgment of conviction is reversed.[1]
Chief Judge PERRY and Judge GUTIERREZ concur.
NOTES
[1] Because we have determined that § 18-1508A(1)(d) violates the First Amendment, it is unnecessary to separately address Bonner's state constitutional claims or his argument that the statute is unconstitutionally vague.